(October 22, 1920.)

## L. E. PURKEY, Appellant, v. GEORGE MABY, Respondent.

[193 Pac. 79.]

ASSAULT—JUSTIFICATION OF—SEARCH AND SEIZURE.

> A search-warrant issued under C. S., sec. 2637, for the search of
> a place where there was probable cause to believe intoxicating
> liquors were sold, furnished, delivered, given away or otherwise
> disposed of in violation of law, or kept for such purposes, can-
> not be extended so as to constitute authority for the officer to
> whom it is issued to search a person not connected in any way
> with the place being searched, who merely happens to be upon
> the premises and who is not mentioned or described in the affi-
> davit of probable cause upon which the warrant was issued.

APPEAL from the District Court of the Fifth Judicial
District, for Bannock County. Hon. Robert M. Terrell,
Judge.

Action for damages for assault. Judgment for defend-
ant. *Reversed.*

Edens & Anderson, for Appellant.

Our constitution provides in relation to searches and
seizures: "And no warrant shall issue without probable

---

For authorities on the law of search-warrants, see note in 101
Am. St. 328.

cause, shown by affidavit particularly describing the place to be searched, the person or thing to be seized.'' (Art. 1, sec. 17.)

"The law knows of no such warrant as one to arrest suspected persons without naming them, without any complaint against any person, leaving it to the officer to suspect whom he pleases, or to arrest every person that any other person suspects." (*Grumon* v. *Raymon,* 1 Conn. 40, 6 Am. Dec. 200.)

An officer who executes a search-warrant which does not describe the place to be searched is a trespasser. (*Reed v. Rice,* 2 J. J. Marsh, (Ky.) 44, 19 Am. Dec. 122.)

It may be said with greater force, that an officer who searches a man not described or named in the warrant is liable. The person is more sacred than property. (*People v. Glennon,* 37 Misc. Rep. 7, 74 N. Y. Supp. 794.)

Budge & Merrill, for Respondent.

The object and purpose of the act was to enable an officer to seize any intoxicating liquors which might be unlawfully kept upon any premises, and the description of the place to be searched was simply to enable the officer to identify it.

Officers should have great latitude in the discharge of their duties when they are endeavoring to enforce the law. The contention of the plaintiff is highly technical, and not in keeping with the spirit of our statute. (*Collins v. Lean,* 68 Cal. 284, 9 Pac. 173.)

RICE, J.—This is an action for damages for assault alleged to have been committed upon the person of appellant. Upon the trial respondent attempted to justify upon the grounds that he was an officer of the law and was acting under the authority of a search-warrant duly issued by a court of competent jurisdiction. The search-warrant was issued to respondent as sheriff of Bannock county, requiring him as such officer to search the Bank Cigar-store in the city of Pocatello for intoxicating liquors.

It was issued under C. S., sec. 2637, formerly chap. 15, sec. 8, p. 34, 1911 Sess. Laws. The appellant was not connected with the Bank Cigar-store as owner or employee, but was a mere bystander or visitor there. Respondent, while executing the search-warrant, proceeded to search the person of appellant. The court instructed the jury to return a verdict for respondent.

Art. 1, sec. 17 of the constitution, provides: "The right of the people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures shall not be violated; and no warrant shall issue without probable cause shown by affidavit, particularly describing the place to be searched and the person or thing to be seized."

The right protected by the above provision of our constitution has been deemed of so great importance that a similar provision is found in the constitution of the United States and in the constitution of nearly every state in the Union. Under such constitutional provisions, it is uniformly held that the search-warrant must conform strictly to the constitutional and statutory provisions providing for its issuance. It must contain a description of the premises to be searched. No discretion must be left to the officer executing the warrant as to the premises which he is authorized to search.

The statute under which the warrant was issued provided only for the search of a place where there was probable cause to believe that intoxicating liquors were sold, furnished, delivered, given away or otherwise disposed of in violation of law, or kept for such purposes. A search-warrant issued under this statute, authorizing an officer to search a certain place, cannot be extended so as to constitute authority to search a person not connected in any way with the place being searched, who merely happens to be on the premises and who is not mentioned or described in the affidavit of probable cause upon which the warrant was issued. So far as the record discloses, the search of the person of appellant was without authority of law, and an invasion of his rights as guaranteed by the constitution.

(See *Owens v. Way,* 141 Ga. 796, Ann. Cas. 1915C, 963, 82 S. E. 132, L. R. A. 1915E, 399; *Newberry v. Carpenter,* 107 Mich. 567, 61 Am. St. 346, 65 N. W. 530, 31 L. R. A. 163; *People v. Marxhausen,* 204 Mich. 559, 171 N. W. 557, 3 A. L. R. 1505, and note; 24 R. C. L. 717, sec. 22.)

The judgment is reversed and the cause remanded for further proceedings. Costs awarded to appellant.

Morgan, C. J., concurs.

Budge, J., deemed himself disqualified and did not participate in the decision.