# CHARLESTON.

## STATE *v.* BOYD MASSIE.

Submitted October 16, 1923.    Decided December 11, 1923.

1. SEARCHES AND SEIZURES—*Intoxicating Liquor Search Warrant Held Not to Extend to Person Happening to be on Premises.*

   A search warrant issued pursuant to the provisions of section 9 of chapter 13, Acts 1913, section 9 of chapter 32A, Barnes' Code 1923, cannot be extended to authorize the arrest or search of a person not in any way connected with the place directed to be searched, who merely happens to be upon the premises, and who is not mentioned or described in the warrant or affidavit of probable cause upon which the warrant was issued. (p. 235).

2. CRIMINAL LAW—*Evidence Secured by Unlawful Arrest or Search Inadmissible.*

   Evidence obtained by the discovery of a pistol or revolver upon one unlawfully arrested or searched cannot be used in evidence against such person upon his trial for carrying such weapon in violation of the statute. (p. 238).

3. CONSTITUTIONAL LAW—*Every Reasonable Construction Resorted to in Saving Statute from Unconstitutionality.*

Every reasonable construction must be resorted to in order to save a statute from unconstitutionality.   (p. 238).

Error to Circuit Court, Wyoming County.

Boyd Massie was convicted of carrying a pistol or revolver without having a state license, and he brings error.

*Reversed and remanded for new trial.*

*E. W. Worrell,* for plaintiff in error.

*E. T. England,* Attorney General, and *R. Dennis Steed,* Assistant Attorney General, for the state.

MILLER, PRESIDENT:

Defendant was tried and found guilty under an indictment charging him with unlawfully carrying about his person a pistol or revolver, without having a state license therefor, in violation of section 7, chapter 51 of the Acts of 1909.

The only testimony offered by the State was that of the officer, a member of the State police, who made the arrest. He says that he was making a search of a pool room under a "warrant for the pool room and everybody that was in it;" that the search warrant called for liquor only, and that no names were mentioned therein; that he had never seen defendant before; that defendant was playing pool, and when searched, the pistol was found upon his person; and that he then arrested him and took him to Mullens, and later appeared before the grand jury and gave the information leading to his indictment.

Defendant, the only witness in his behalf, testified that he had stepped into the pool room for a bottle of coca cola, and had not been there two minutes when the officer came in and announced that he had a search warrant for the house and everybody in it, and proceeded to search every one in the room.   He says that he had no interest in the pool room, and was only there for a bottle of coca cola; and that he was not playing pool, but was standing against the counter.

Upon the introduction of the officer's testimony the de-

fendant moved to strike out all the evidence of the witness, which motion was overruled by the court. The warrant is not exhibited in the record, and the evidence does not show that it was produced on the trial. There is no evidence of its contents, except the testimony of the officer that it was for "liquor", and for the "pool room and everybody in it," and that no names were mentioned therein. There is no evidence to show by whose authority it was issued, or upon what information.

If we may assume that the warrant was issued under section 9 of chapter 32A, Barnes' Code, 1923, section 9, chapter 13, Acts 1913, of which there in no evidence, that section is as follows:

> "Every justice of the peace and every circuit, criminal or intermediate court, or the judges thereof in vacation, and the mayor of any city, town or village, upon information made under oath or examination that any person is manufacturing, selling, offering or exposing, keeping or storing for sale or barter, contrary to law, any liquors, or that the affiant has cause to believe and does believe that such liquors so manufactured, sold, offered, kept or stored for sale or barter' in any house, building or other place named therein, contrary to the provisions in this act, shall issue his search warrant requiring the person suspected to be brought before him for examination, or the said house, building or other place to be searched, and the parties found therein to be arrested and brought before him as aforesaid; and requiring the officer to whom it is directed to summon such witnesses as shall be named therein, or whose names are endorsed thereon to appear and give evidence on the examination, and in the same warrant shall require the officer to whom it is directed to seize and hold all liquors found therein, also vessels, bar fixtures, screens, glasses, bottles, jugs and other appurtenances apparently used in the sale, keeping or storing of such liquors contrary to law."

The question presented to us is whether a warrant issued under this section authorized the officer to search or arrest an innocent bystander or patron of the place designated to be searched. Was such search and arrest in violation of section 6 of article 3 of the State constitution, which is: "The

rights of the citizens to be secure in their houses, persons, papers and effects against unreasonable searches and seizures, shall not be violated. No warrant shall issue except upon probable cause, supported by oath or affirmation, particularly describing the place to be searched, or the person or thing to be seized?''

It must be remembered that defendant had no interest in the pool room; and that he was not named in the warrant. Assuming that the warrant was properly issued, and authorized the officer to search the premises described, did it authorize the search or arrest of one not named therein, who had no interest in or connection with the place or the business conducted there? We do not think the Legislature intended by the words ''and the parties found therein to be arrested,'' to authorize the arrest of one not connected with the place to be searched or the article for which the search was made, or perhaps the arrest of anyone when no evidence of the offense charged in the warrant is found. And in this case there is no evidence that the officer found that the offense charged in the information had been or was being committed. So far as the record shows the only evidence he found of any offense was by a search of defendant, and that offense was not mentioned in the warrant and was in no way connected with the offense charged in the information. The constitutional provision above quoted says that the warrant shall particularly describe the person or thing to be seized. The thing to be seized is described in the warrant here, but no person is named. To so construe the statute under consideration and the warrant issued thereunder as authorizing the officer to whom it is directed to search persons not named therein or to seize articles not directed to be taken, would be to give it the effect of the general search warrants in England and the writs of assistance in this country which were the subject of much discussion and general condemnation in the latter half of the eighteenth century. Indeed, it is said that the fourth amendment to the federal constitution was the direct result of the use of such warrants and writs. Cooley's Const. Limitations, (7th ed.) 424-430; 2 Story on the Constitution, (5th ed.) §1902; 2 Watson on the Constitution, 1414; 34 Harvard Law

Rev. 362; *Boyd* v. *U. S.*, 116 U. S. 616; *People* v. *Marxhausen,* 204 Mich. 559. And section 6 of article 3 of our constitution is identical with the fourth amendment of the federal constitution. As the officer found no evidence of any offense charged in the warrant, and the defendant was not named therein, we are of opinion that he had no right to arrest the accused by authority of that warrant. But had he authority to search defendant by virtue of such warrant?

As said above, we do not think the statute is broad enough to authorize the arrest of a customer transacting business in a lawful manner with the proprietor of the place to be searched or with one of his agents or servants, and we do not think it can be extended to authorize the search of one not in any way connected with the offense charged in the information. The authorities cited above sustain this proposition also. While the warrant did direct the officer to search the pool room, defendant was not named therein. In *Purkey* v. *Maby,* 33 Idaho, 281, 193 Pac. 79, where the constitutional provision is the same as that of this State, the court held that a search warrant authorizing an officer to search a certain place can not be extended so as to constitute authority to search a person not connected in any way with the place being searched, who merely happens to be upon the premises, and who is not mentioned or described in the affidavit of probable cause upon which the warrant was issued. In *United States* v. *Hill,* 263 Fed. 812, it was held that a search warrant for the search of a house for narcotic drugs did not authorize seizure of a letter found therein, and that the letter so seized was not admissible in evidence against the owner. In *People* v. *Jakira,* 193 N. Y. Sup. 306, it was held that the discovery of firearms unlawfully possessed as a result of a search without a warrant did not make the search and seizure of the arms legal; and that the introduction against the defendant, either before the grand jury or on the trial of the indictment, of evidence obtained by an unlawful search and seizure, violates defendant's right not to incriminate himself, guaranteed by the constitution of the United States. It is held everywhere that a search warrant must as particularly as possible describe the place to be searched, and that no other place can be searched

under such warrant. 35 Cyc. 1275; 24 R. C. L. 713; and cases cited. The person of a citizen is as sacred as his property. Besides, if liquor had been found upon defendant, who had just entered the place to be searched, would it have been evidence of the illegal storing or keeping for sale by the proprietor of the place? In *Owens* v. *Way,* 141 Ga. 796, it was held that a municipal officer who has arrested an alleged violator of a municipal ordinance, has no power to carry away the property of a third person from the latter's premises on the ground that the property of the third person may be evidence against the accused. See also, *Newberry* v. *Carpenter,* 107 Mich. 567, 31 L. R. A. 163.

If the search was unauthorized, the evidence of the offense charged against defendant was not admissible against him on the trial. *State* v. *Andrews,* 91 W. Va. 720, and *State* v. *Wills,* Id. 659, where the cases and authorities on this question are reviewed and commented upon at length. Whether we consider the arrest as made before the search or after the finding of the pistol, the result is the same. The officer had no information that defendant had a pistol. In *State* v. *Lutz,* 85 W. Va. 330, a criminal prosecution for the killing of the officer making the arrest, we held that the possession of a revolver is not such an offense as authorizes an officer to arrest one without a warrant for an offense committed in his presence, and that the officer was not justified in making the arrest though the jury might find that the prisoner was guilty of the offenses charged.

Counsel for the State rely on the proposition that one legally arrested may be searched for property connected with the offense that may be used as evidence against him, or for weapons or things that may assist escape or acts of violence. *State* v. *Wills, supra; State* v. *Edwards,* 51 W. Va. 220; *State* v. *Sutter,* 71 W. Va. 371. But here the evidence obtained by search of defendant, the pistol, had nothing to do with the subject of the search warrant. Here we have held that the arrest of defendant was unauthorized. In the opinion in the Andrews and Wills cases the Edwards and Sutter cases are distinguished from cases like the one here.

To give the statute under consideration the construction

contended for by the State might render it unconstitutional in so far as it might be held to authorize the search or arrest of any person found in the place designated to be searched; and it is a rule of this court that every reasonable construction must be resorted to in order to save a statute from unconstitutionality. *Railway* v. *Conley,* 67 W. Va. 129; *State* v. *England,* 86 W. Va. 508; 3 Enc. Dig. Va. & W. Va. Rep. 164; *Id.,* Cum. Sup. Vol. 2, p. 31.

For the foregoing reasons we are of opinion to reverse the judgment of the circuit court, and to set aside the· verdict and award the defendant a new trial.

*Judgment reversed; new trial awarded.*