STATE, Plaintiff, vs. WUEST, Defendant.

*April 10—May 11, 1926.*

*Searches and seizures: Search of person not authorized by warrant to search premises: Package held under arm: Surrender on demand of officer: Not consent to search or waiver of rights.*

1. A search warrant issued for the search of a place does not confer authority for the search of a person, even though he be in charge of the place authorized to be searched.   p. 254.
2. Facts disclosed in the evidence that defendant, in compliance with the order of the officers, laid down on a stove a package which he had under his arm, and that the officers opened it and found intoxicating liquor, are construed to constitute a search of the person.   p. 255.
3. By complying with the command to lay down the package defendant did not waive his right under sec. 11, art. I, Const., to be secure in his person from unlawful searches and seizures.   p. 255.

REPORTED from the circuit court for Fond du Lac county: CHESTER A. FOWLER, Circuit Judge. *Question answered Yes.*

For the plaintiff there was a brief by *James Murray,* district attorney of Fond du Lac county, the *Attorney General,* and *J. E. Messerschmidt,* assistant attorney general, and oral argument by *Mr. Murray* and *Mr. Messerschmidt.*

For the defendant there was a brief by *Reilly & O'Brien* of Fond du Lac, and oral argument by *J. E. O'Brien.*

Owen, J.    The defendant was convicted in the circuit court for Fond du Lac county of a violation of the prohibition law, in that he did on June 1, 1925, have in his possession unlawfully privately distilled manufactured intoxicating liquor contrary to the statute. · Before pronouncing sentence the trial court reported to this court a number of questions arising upon the trial, only one of which will be necessary for us to consider, as our answer to that question calls for the discharge of the defendant and renders all other questions reported moot and immaterial.

It appears from the report of the trial judge that a valid search warrant had been issued, which warrant recited that John Doe unlawfully had intoxicating liquor concealed in certain premises described, which were occupied by him exclusively as a dwelling house, and directed proper officers to enter forthwith the said premises of John Doe and there diligently search for said goods, and that if any said goods should be found upon such search to bring the goods so found, together with the person in whose possession the same were found, forthwith before the magistrate. The search warrant was delivered to the sheriff, and he with his under-sheriff and a deputy sheriff executed the warrant by going to and entering the premises described, which were occupied by the defendant and his family as a dwelling house. The trial judge found and determined from the evidence respecting the search and seizure that as two of the officers entered a wood house, into which the kitchen of the house directly opens, the defendant was just coming

State v. Wuest, 190 Wis. 251.

from the kitchen door with a package wrapped in paper under his arm. On the officers informing him that they had a warrant to search the premises, the defendant went back into the house with them. One of the officers told the defendant to lay down the package. He thereupon laid it on a stove and the officer picked it up, removed the wrapping and found therein a large bottle containing liquor, to which the officer then and there applied the burning test and found it to contain alcohol. The trial judge concluded from the facts that the defendant's constitutional rights had not been violated and received the bottle of liquor in evidence. The officers found no other intoxicating liquor on the premises. They took the liquor and the defendant forthwith before the magistrate and the complaint and warrant were forthwith made and issued. Upon this state of facts the trial judge reports the following question:

"When a search warrant authorizes the search for intoxicating liquor of premises recited on the warrant as a dwelling house occupied by John Doe, is liquor seized under circumstances found by the trial judge as stated, seized in violation of secs. 8 and 11 of art. I of the state constitution, or either of them?"

Sec. 11, art. I, Const., reads as follows:

"The right of the people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures shall not be violated; and no warrants shall issue but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched and the person or things to be seized."

In *Jokosh v. State*, 181 Wis. 160, 193 N. W. 976, it was said that "search warrants issue for the inspection of both places and persons." While it may be true that it is competent for the legislature to provide for the issuance of warrants for the search of persons, we are reminded by Mr. Cornelius in his recent work on Search and Seizure that

the issuance of warrants for the search of persons is at least quite unusual in this country. He says: "It is difficult to perceive, under existing statutory provisions, how a search warrant may be issued for the search of the person. The various statutory and constitutional provisions, both state and federal, refer to 'the place to be searched.'" But however that may be, there seems to be no dissent in the authorities from the proposition that a search warrant issued for the search of a place does not confer authority for the search of a person even though he be in charge of the place authorized to be searched: so held by this court in *Jokosh v. State, supra.* It was similarly held in *State v. Grames,* 68 Me. 418, where the court said: "It is one thing to find liquors in a place, and a very different thing to find them upon a person. A place to be searched is not a person to be searched. 'Premises described and specially designated' in a complaint and warrant cannot, by any reasonable use of language, be held to apply to a person or persons." See, also, *Purkey v. Maby,* 33 Idaho, 281, 193 Pac. 79; *State v. Massie,* 95 W. Va. 233, 120 S. E. 514.

In this case the officers told the defendant to lay down the package he had under his arm. The defendant laid it on the kitchen stove, whereupon the officers opened it up and found intoxicating liquor. Did this constitute a search of the person? In view of the fact that the officers were without authority to take from his possession the package which he had under his arm, does that which was unlawful become lawful when, in compliance with their commands, he lays the package on the stove? In order to preserve his constitutional rights, was it necessary for him to resist the commands of the officers of the law? In *State v. Warfield,* 184 Wis. 56, 61, 198 N. W. 854, we quoted with approval the following language from *U. S. v. Rembert,* 284 Fed. 996, 998:

"It must be first premised that where an officer, politely and decently and without physical threat, has assumed to

act in his official capacity, he is acting *de facto,* if not *de jure,* and a peaceful citizen should not forcibly resent the action, even though he knows the officer is, as to the act, greatly exceeding his authority, resting confidently upon the belief that this submission wll not impair any of his constitutional rights; for, as the courts have repeatedly held, such action will not be taken to be a consent to an unlawful search or arrest, but merely a peaceful submission to officers of the law."

We construe the facts in this case as constituting a search of the person. In complying with the command of the officers pretending to act within their official authority, the defendant did not waive his constitutional right to be secure in his person from unlawful searches and seizures. We cannot hold that in order to preserve such rights a citizen must resist an officer who is in the exercise of pretended authority. Such a rule would not only make the citizen the judge of his own rights, but would encourage breaches of the peace, and, in some instances, probably bloodshed. It makes for better public policy to counsel obedience to commands of officers even though such commands rest in doubtful authority.

It follows that the seizure was illegal and that the liquor should not have been received in evidence.

*By the Court.*—The question reported is therefore answered "Yes."