Strafford,
No. 5802.

STATE

*v.*

GERALD A. BRADBURY, JR.

Argued June 19, 1968.
Decided June 28, 1968.

*George S. Pappagianis,* Attorney General, *G. Wells Anderson,* Assistant Attorney General and *Robert A. Carignan,* county attorney (*Mr. Anderson* orally), for the State.

*John B. Ford* (by brief and orally), for the defendant.

KENISON, C. J. The defendant was indicted for possession of marijuana. RSA 318-A:2 (supp). Prior to trial the defendant moved to suppress the evidence of possession of marijuana obtained in the course of a search of his person on the ground that the search was "unreasonable and not pursuant to any warrant." The prosecution and the defense submitted an agreed statement of facts and the Court, *Morris,* J., reserved and transferred without ruling the question raised by the motion.

The agreed statement of facts in its entirety reads as follows:

"Police investigating marijuana use in the Durham area determined, through surveillance and informants, that they had reason to believe that one Carol Ann Chipman had marijuana in her room at the University. They applied to the Durham District Court for 'a warrant and order of seizure authorizing the search of (identify premises and the person or persons to be searched) Room 001, located on the first floor, first door on the left in the right corridor of the women's dormitory known as Scott Hall which is located on the campus of the University of New Hampshire in said Durham, N. H. and directing that if

such property or evidence or any part thereof be found that it be seized and brought before the court;' The warrant issued commanding the officers 'to enter and there diligently search in the daytime the premises described in the annexed affidavit for the said unknown quantity of Marijuana in tobacco form**' The validity of the search warrant is not questioned by defendant.

"In the course of the extensive investigation, defendant was never named, involved, suspected or connected with Miss Chipman or marijuana use in any way. He was not known to the officers who executed the search warrant.

"At about 11:45 a.m. on May 27, 1967, the officers, in Miss Chipman's absence, entered the room as directed by the warrant, found the defendant sitting in the room, and immediately searched him. They found on his person a substance which they believed, and later confirmed, to be marijuana in the course of their search of his pocket. They then arrested defendant and charged him with possession of marijuana. Then they searched Miss Chipman's room and found marijuana concealed in the room.

" The foregoing statement of agreed facts is stipulated by prosecution and defense to be controlling in the determination of the issue raised by defendant's Motion to Suppress Evidence of Possession."

The specific and limited question which the agreed case was designed to present is whether a valid search warrant to search designated premises authorizes the search of any individual who happens to be on the premises. While the authorities are sparse and not particularly recent it is the general rule that the answer to the question is no. *State* v. *Massie,* 95 W. Va. 233; *State* v. *Grames,* 68 Maine 418; Cornelius, Search and Seizure, *s.* 233 ( 2d *ed.* 1930 ); Davis, Federal Searches and Seizures, *s.* 2.83 ( 1964 ). In *Purkey* v. *Maby,* 33 Idaho 281 it was stated that a search warrant to search a certain place " . . . cannot be extended so as to constitute authority for the officer to whom it was issued to search a person, not connected in any way with the place being searched, who merely happens to be upon the premises and who is not mentioned or described in the affidavit of probable cause upon which the warrant was issued." See 1 Varon, Searches, Seizures and Immunities, 378 ( 1961 ). Additional authority, by way of dictum, is found in *United States* v. *Di Re,* 332 U. S. 581, 587, where it was observed that a

search warrant for a residence only would not authorize the search of all persons found in it. See Landynski, Search and Seizure and the Supreme Court, 92-95 ( 1966 ); *United States* v. *Festa,* 192 F. Supp. 160 ( D. Mass. 1960 ).

During the oral argument of this case it was suggested that the officers were entitled to "frisk" the defendant for dangerous weapons. In the factual posture of this case, the suggestion is more imaginative than realistic but the short answer is that there is no evidence in the agreed case to support it directly or indirectly. *Terry* v. *Ohio,* 88 Sup. Ct. 1868. It is also argued that finding marijuana in the room of a person known to be a "pusher" or seller gave the officer probable cause to arrest the defendant under RSA 318-A:21 III; Laws 1967, 420:2. That statute in pertinent part reads as follows: "Whoever is present where he knows a narcotic drug is illegally kept or deposited, or whoever is in the company of a person knowing that said person is illegally in possession of a narcotic drug . . . may be arrested by any peace officer whose duty it is to enforce the narcotic drugs law . . . ." Here again it may be observed that there are no facts in the agreed case supporting this alleged violation.

Finally, it is argued that under all the circumstances there was probable cause to arrest the defendant for possession of marijuana and to search him incident to the arrest. Again the agreed facts provide no basis for a finding of probable cause to arrest the defendant in advance of the search of his person. Whether, as argued by counsel, the defendant went to the room to borrow a "Pall Mall" or whether the defendant was observed by the officers to be propped up against the wall in a euphoric state are matters upon which the agreed case throws no light. All these arguments point up the pertinency of the following observation in *Sibron* v. *New York,* 88 Sup. Ct. 1889, 1901: "The constitutional validity of a warrantless search is preeminently the sort of question which can only be decided in the concrete factual context of the individual case."

Under the well-established law in this state an agreed case is decided in this court on the record before it. If there is to be any amendment or change of the agreed facts permission must be obtained from the Trial Court so to do. *State* v. *Corron,* 73 N. H. 434, 461-462; *Bull* v. *Gowing,* 85 N. H. 483, 486. We intimate no opinion favorable to the prosecution or to the defense

on facts not before us but rule that on the record before us the motion to suppress should be granted. *Cf. Wainwright* v. *New Orleans,* 385 U. S. 1001.

*Remanded.*

All concurred.