## STATE v. LEONARD J. FOX.

168 N. W. (2d) 260.

April 3, 1969—No. 41156.

*C. Paul Jones,* State Public Defender, and *Richard W. Swanson,* for appellant.

*Douglas M. Head,* Attorney General, *George M. Scott,* County Attorney, and *Henry W. McCarr, Jr.,* Assistant County Attorney, for respondent.

Heard before Knutson, C. J., and Nelson, Murphy, Otis, and Frank T. Gallagher, JJ.

Murphy, Justice.

Defendant appeals from a judgment of conviction after trial for the crime of unlawful possession of narcotics, Minn. St. 618.01, 618.02, 618.21(1), committed in the city of Minneapolis January 27, 1967. It is contended that the trial court erred in refusing to suppress evidence allegedly secured by police authorities by an unlawful search and seizure.

This case is the byproduct of the execution of a search warrant issued in connection with an entirely different matter. A group of women had been under investigation for passing stolen checks and using stolen identification cards to fraudulently purchase merchandise in various stores. One of the women was arrested, and it was learned that her companion, who managed to escape, resided in an apartment at 1800 LaSalle Avenue in Minneapolis. The police officers obtained a search warrant authorizing them to search the premises and seize a woman's suede coat, a man's coat, and miscellaneous credit cards and identification belonging to people other than Sheila Spence and Sandra Loser. In executing the

warrant, the police went to the apartment and identified themselves. They were admitted by the 19-year-old defendant, Leonard James Fox, who was the only one on the premises. It appears that the apartment contained a large quantity of clothes and other merchandise unlawfully acquired. The officers had the defendant raise his arms and proceeded to search him for weapons. No weapons were found, but the officer observed a wallet protruding from defendant's rear pocket. The officer took the wallet and, after some scuffling over its possession, kept it. Upon opening it they found a small paper packet containing marijuana. This prosecution grew out of the alleged unlawful possession of marijuana.

The officers stated that when they went to the apartment they had no basis for believing that a man was involved in the forgery and theft crimes which they were investigating. They had no information or suspicions that narcotics were in any way involved. We fail to find in the record anything which would indicate suspicious circumstances about defendant's conduct except perhaps his reluctance to identify himself or to volunteer an explanation of his presence in the apartment. At every stage of the proceedings which followed, terminating in defendant's conviction, the record was protected by proper motions to suppress the evidence obtained as a result of the search of defendant's person. After trial without a jury, defendant was sentenced to an indeterminate term in the custody of the Youth Conservation Commission.

■ We find no authority which would substantiate the validity of the search of defendant's person under the circumstances. In State v. Fish, 280 Minn. 163, 159 N. W. (2d) 786, we discussed the lawfulness of a search without a warrant and pointed out that, subject to certain exceptions enumerated in Minn. St. 629.34, an arrest cannot be made without a warrant. We added, however, that persons found under suspicious circumstances "are not clothed with a right of privacy which prevents law-enforcement officers from inquiring as to their identity and actions. The essential needs of public safety permit police officers to use their faculties of observation and to act thereon within proper limits. It is not only the right but the duty of police officers to investigate suspicious behavior, both to prevent crime and to apprehend offenders." We were careful to add to the foregoing statement that "the right of police officers

to stop a suspicious person does not extend to a right of search in the absence of probable cause." 280 Minn. 167, 159 N. W. (2d) 789.

■ The search warrant did not give the police officers the authority to search the person of defendant. Under the circumstances in which he was found, he was protected from intrusion by U. S. Const. Amend. IV, which guarantees his right to be secure in his person, "papers and effects, against unreasonable searches and seizures." A search warrant authorizing the search of a particular building or premises does not give the officers the right to search all persons who may be found in it. United States v. Festa (D. Mass.) 192 F. Supp. 160; United States v. Di Re, 332 U. S. 581, 68 S. Ct. 222, 92 L. ed. 210. The controlling principle of law to be applied here, we think, is found in Marron v. United States, 275 U. S. 192, 196; 48 S. Ct. 74, 76, 72 L. ed. 231, 237, where it was said:

"The requirement that warrants shall particularly describe the things to be seized makes general searches under them impossible and prevents the seizure of one thing under a warrant describing another. As to what is to be taken, nothing is left to the discretion of the officer executing the warrant."

■ The state argues that the test of the validity of the search is whether the search was reasonable. They contend that under the circumstances in which defendant was found it was not unreasonable for them to search his person and appropriate for use as evidence the contents of his wallet. The state relies on the recent United States Supreme Court cases of Terry v. Ohio, 392 U. S. 1, 88 S. Ct. 1868, 20 L. ed. (2d) 889, and Sibron v. New York, 392 U. S. 40, 88 S. Ct. 1889, 20 L. ed. (2d) 917, which dealt with "stop and frisk" situations and held that the exigencies of the circumstances in which a suspicious character is found may justify search and seizure without a warrant. These cases consider at length and discuss fully the various circumstances giving rise to probable cause which would permit arrest without a warrant and the limits to which the arresting officer may go in conducting a search of the suspected criminal. These authorities repeat what has been said many times —that a mere exploratory search of the person of a defendant for evi-

dence is violative of Fourth Amendment rights and that the test of reasonableness may not lie in an unparticularized suspicion or hunch. When these authorities are sifted for application to the facts in the case before us, they stand only for the proposition that a search by a police officer who seizes one suspected of being engaged in criminal activity may be justified, as incident to such seizure, by the need to seize weapons and other things which might be used to assault the officer or effect an escape, or to prevent destruction of evidence of a crime. Not only was there a complete absence of such circumstances here, but there was, as far as the record indicates, an absence of circumstances which would lead the officers to believe that a felony was being committed by defendant.

We conclude that the trial court erred in not suppressing the illegally seized evidence. In view of the fact that such evidence was the basis for the trial court's determination, the judgment of conviction is reversed.

Reversed.