WIGGINTON, Judge.
Appellant seeks review and reversal of a judgment of conviction and sentence based upon a jury verdict finding him guilty of possessing a narcotic drug commonly known as marijuana, and possession of narcotic paraphernalia. His principal point on appeal challenges the correctness of the trial court’s order denying his motion to suppress evidence seized from his person during the search of his premises pursuant to a valid search warrant. The facts in issue are not in dispute, and the question presented for decision is solely one of law.
The law enforcement officers of the City of Tallahassee were advised by confidential informers that on two occasions they had purchased narcotic drugs from a certain described dwelling within the city, which premises were in the possession of appellant. Based upon this information an affidavit of probable cause was signed by the informants upon which a search warrant issued. The warrant was in the usual form and commanded the law enforcement officers to enter the building described in the warrant and there to diligently search for and seize any narcotic drugs which might be found therein. Upon entering the building the officers inquired of appellant as to who was in charge of the premises, and appellant informed them that it was he. The search warrant was then read and a search of the premises commenced. The officers observed an unnatural bulge under appellant’s clothing in the area of his crotch. As a result of such suspicious circumstance, appellant was searched and a plastic bag containing a quantity of marijuana was removed from the area where appellant had attempted to secrete it. It was not until after the evidence was discovered and the search of the *444 premises completed that appellant was arrested and charged with the offenses for which he was ultimately convicted.
On the day but prior to commencement of the trial an evidentiary hearing was held on appellant’s motion to suppress the evidence seized from his person on the ground that the search which produced the evidence was unlawful and in violation of appellant’s constitutional rights. In denying the motion, the trial court made the following statement, to wit:
“I rule that the warrant to search the premises includes a warrant to search what is found on the premises, either furniture or persons.”
It is appellant’s position that although the search warrant involved in this case authorized a search of the premises and curtilage, it did not authorize a search of all persons who might be found on the premises at the time the search was conducted. Appellant contends that the constitutional right of people to be secure in their persons against unreasonable searches and seizures[1] extends to all persons who might be on the premises described in a valid search warrant, and such persons are protected against searches by the investigating officers unless they are specifically named in the search warrant or are searched as an incident to a lawful arrest. Since appellant was not specifically named in the search warrant, and the search of his person which resulted in the seizure of the contraband sought to be suppressed was made prior to the time of his arrest, he contends that such search was unlawful and the evidence should be suppressed. In support of his position appellant cites and relies upon decisions rendered by courts of foreign jurisdictions which under the particular facts of those cases hold that a warrant to search specifically described premises does not include the right to search persons found on those premises but not named in the warrant, and, therefore, the evidence seized from such persons was held to be inadmissible.[2]
In the case sub judice it well may be that the reason announced by the trial court as the basis for its order denying appellant’s motion to suppress was overbroad and not properly qualified to conform to the precise facts in this case. We are not so much concerned, however, with the correctness of the announced reasons for the ruling as we are with the correctness vel non of the ruling itself.
The constitutional guarantee embodied in the Fourth Amendment to the United States Constitution which appellant seeks to raise as a shield against his conviction does not prohibit all searches made by a law enforcement officer without a warrant, but only searches which are considered under the facts of a given case to be unreasonable in a constitutional sense. With the foregoing general principle in mind, we turn our attention to the facts disclosed by the record before us. The evidence establishes that before entering the dwelling in which the challenged search was made the officers had reliable information indicating that appellant, who was the tenant of the premises under suspicion, was engaged in the illegal drug traffic. When appellant acknowledged to the officers that he was in charge of the premises, they were justified in more carefully scrutinizing his outward appearance *445 and demeanor than they would have been under other circumstances. It was with the information furnished them by the confidential informers in mind that they observed a bulge in appellant’s clothing within the area of his crotch. Such a condition was, to say the least, unusual and justified further exploration by the officers in order to determine whether at that moment appellant was engaged in illegal drug traffic which they were informed was being conducted on the premises. Since the officers were in appellant’s dwelling under lawful authority conferred upon them by the court which issued the search warrant, and had reasonable cause to suspect that appellant was engaged in or connected with the unlawful activity against which the search warrant was directed, we are not persuaded that the search which they made of appellant’s person which was triggered by the unusual bulge appearing in the crotch of his trousers was so unreasonable in a constitutional sense as to condemn the contraband seized as a result of that search.
In the case of Samuel v. State[3] the law enforcement officers entered upon the search of a certain described building under a warrant which authorized them to search the premises as well as any person or persons found therein who should be connected with, or suspected of being connected with, the operation or maintaining of gaming or gambling games, devices, equipment, or paraphernalia. Under the authority of this warrant the officers searched appellant and seized from him certain evidence which he sought to have suppressed on the ground that it was seized as a result of an unlawful search in violation of his constitutional rights. The Supreme Court found from the facts in that case that the officers had probable cause to believe that appellant, when found on the premises described in the search warrant, was unlawfully connected or suspected of being connected with gambling operations being conducted on the premises, and therefore the search of his person was not so unreasonable as to be violative of appellant’s constitutional rights even though appellant was not specifically named in the search warrant as one whom the officers were authorized to search. While we recognize the factual distinction between the search warrant involved in Samuel and the one present in the case sub judice, we are of the view that the Supreme Court’s opinion in Samuel was intended to extend to the factual situation disclosed by the record before us. In its opinion the Supreme Court in Samuel said:
“We do not read into the statutory or constitutional provisions in question a requirement that a warrant particularly describing the building to be searched and the contraband to be seized must also identify, by name or by personal description, the person or persons expected to be found therein and to be searched as an incident to the search of the building. The laws of this state denounce all facets of lotteries, including the possession of lottery tickets or any evidence of any share in a lottery. It would obviously be difficult if not impossible to identify in advance all the persons in a gambling establishment who might be guilty of a violation of the gambling laws. We think that the Sec. 22 organic requirement is satisfied when the judicial determination is made that there is probable cause to believe that the premises are being, used for an illegal purpose, such as gambling; and that it is entirely reasonable and proper to search persons found on such premises when there are reasonable grounds to suspect — that is, believe — that such persons are engaged in or connected with the unlawful activities that are the subject-matter of the search. * * *
We therefore conclude, and so hold, that the trial court’s order denying appellant’s motion to suppress the evidence seized as the result of a search of his person was *446 correct, under the facts and circumstances of this case, and constitutes no basis for the reversal of the judgment appealed.
We have carefully considered the remaining points urged by appellant but find them to be without substantial merit. The judgment appealed is accordingly affirmed.
JOHNSON, C. J., and SPECTOR, J., concur.

. Amend. IV, U. S. Constitution.
“The right of the people to he secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.”

. State v. Jokosh, 181 Wis. 160, 193 N.W. 976 (1923) ;
State v. Wuest, 190 Wis. 251, 208 N.W. 899 (1926) ;
United States v. Di Re, 332 U.S. 581, 68 S.Ct. 222, 92 L.Ed. 210 (1948) ;
United States v. Festa, 192 F.Supp. 160 (D.Mass.1960) ;
Salmon v. State, 2 Md.App. 513, 235 A.2d 758 (1967).

. Samuel v. State, (FIa.1969) 222 So.2d 3, 5.