289 So.2d 816

**In re Johnny SMITH**

v.

**STATE of Alabama.**

**Ex parte STATE of Alabama ex rel.**
**ATTORNEY GENERAL.**

**SC 463.**

Supreme Court of Alabama.

Feb. 7, 1974.

William J. Baxley, Atty. Gen. and P. B. McLauchlin, Jr., Special Asst. Atty. Gen., for the State.

No brief for respondent.

PER CURIAM.

Can a search lawfully be made of a person who knocks on the door of an apartment, then being searched by the police pursuant to a valid search warrant, when the person is not known to the police, not named in the search warrant and there is no probable cause to believe he has committed any offense? We are compelled to conclude that such a search is an unreasonable search and seizure within the proscription of the Fourth Amendment to the Constitution of the United States.

On Saturday, August 28, 1971, Bobby Eddy, a narcotics officer for the Sheriff's Office of Madison County, procured a valid search warrant which authorized him to search Apartment 11, 2503 Rawlins Drive, Huntsville, Alabama, and the person of Andrew Carpenter who occupied the apartment. Officer Eddy and three other officers executed the warrant that evening and found some heroin and narcotics parapher-

nalia on the premises and on the person of Carpenter, who was arrested therefor.

While the officers were conducting their search of Carpenter's apartment, a knock was heard at the door. One of the officers answered the door and admitted the defendant, Smith. Smith was escorted to the presence of Officer Eddy and was asked for identification. When Smith reached into his pocket for an identification, Officer Eddy asked him "to hold it just a minute." Eddy then proceeded to conduct a full search of Smith's person. In Smith's right, rear pocket were found three cellophane packages which were later determined to contain heroin.

Smith was indicted and convicted for possessing heroin and sentenced to fifteen years' imprisonment in the penitentiary. The Court of Criminal Appeal's, 51 Ala. App. 114, 289 So.2d 812 reversed Smith's conviction on the grounds that the search of Smith's person was unconstitutional under the Fourth Amendment. We agree.

A substantial majority of the courts which have considered the question have held that a lawful search of premises does not extend to the person of one who merely comes onto those premises while the search is being conducted. United States v. Festa, 192 F.Supp. 160 (D.Mass.1960); State v. Bradbury, 109 N.H. 105, 243 A.2d 302 (1968); State v. Carufel, 106 R.I. 739, 263 A.2d 686 (1970); State v. Fox, 283 Minn. 176, 168 N.W.2d 260 (1969); State v. Massie, 95 W.Va. 233, 120 S.E. 514 (1923); People v. Smith, 21 N.Y.2d 698, 287 N.Y.S.2d 425, 234 N.E.2d 460 (1967); Purkey v. Maby, 33 Idaho 281, 193 P. 79 (1920). Additional authority, by way of dictum, is found in United States v. Di Re, 332 U.S. 581, 587, 68 S.Ct. 222, 92 L.Ed. 210 (1948), where it was observed that a search warrant for a residence only would not authorize the search of all persons found in it.

Most of the cases acknowledge the fact that the search of persons not named or described in the warrant, but found on premises or who come onto premises being searched, is not made lawful simply by their presence; the law requires that there be probable cause to believe that such persons are themselves participants in criminal activity.

Thus, in State v. Procce, 5 Conn.Cir. 637, 260 A.2d 413 (1969), a search was upheld on the grounds both that a statute authorized the search, and that there was probable cause because defendant was a known gambling operator and was "in charge" of the premises at the time of the raid. In State v. De Simone, 60 N.J. 319, 288 A.2d 849 (1972), the search of a passenger during the search of a car pursuant to a warrant describing the car only was upheld because there was probable cause to connect the passenger with the lottery drop. In Johnson v. State, 440 S.W.2d 308 (Tex.Cr.App.1969), probable cause was found to search a person entering during a "pot party" when the person furtively took something out of his pocket and tried to swallow it. And, in Willis v. State, 122 Ga.App. 455, 177 S.E.2d 487 (1970), although probable cause was found to uphold the search, the court was careful to note, viz.:

> "A search warrant to search designated premises will not authorize the search of every individual who happens to be on the premises. State v. Bradbury, 109 N.H. 105, 243 A.2d 302. See also People v. Smith, 21 N.Y.2d 698, 287 N.Y.S.2d 425, 234 N.E.2d 460, which apparently draws a distinction between those persons who have entered premises and given police probable cause to believe they had engaged in policy operations after arriving, and other persons who came to the door while the police were there and as to whom no probable cause existed for the search."

A review of the facts before us shows conclusively that no probable cause existed to justify the search of Smith. Smith was not named in the warrant. He was totally unknown to the officers at that time.

There was no probable cause to believe he had committed any offense. He was not suspected of any crime. There was nothing in his appearance or conduct to indicate his involvement in any crime. And, unlike the facts in the cases cited above, where searches of other persons were upheld, Smith did not make any furtive gesture, he was not present in the apartment while a crime was being committed, and there was no probable cause to believe he enjoyed any relationship to the Carpenter apartment other than that of visitor. In sum, we are forced to conclude that there was no probable cause to make a search of Smith and seize the heroin.

Perhaps, one more word is appropriate in this cause. Nothing we say herein in any way diminishes the right of a policeman in such a situation as this to "frisk" for weapons in order to protect himself. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Such a frisk (which may be made on something less than probable cause), however, is limited in scope to a "pat-down" of the suspect's outer clothing and to seizure of hard objects whose size and shape give the officer probable cause to believe they are weapons.

From the record in this cause it appears that the search of Smith was not a limited frisk, but a full search.

Accordingly, the decision of the Court of Criminal Appeals reversing defendant's conviction is due to be affirmed.

Affirmed.

HEFLIN, C. J., and COLEMAN, BLOODWORTH, FAULKNER and JONES, JJ., concur.

MERRILL, HARWOOD, McCALL and MADDOX, JJ., dissent.

MADDOX, Justice (dissenting).

The fourth amendment to the federal Constitution and Article 1, Section 5, of the Alabama Constitution speak only of "unreasonable" searches and seizures.

The majority treats Smith as a "person . . . who *merely comes* onto those premises while the search is being conducted." The majority says there is no probable cause to believe that Smith enjoyed "any relationship to the Carpenter apartment other than that of *visitor*." I would not so characterize the accused, and require the police to eliminate every possibility but that of his presence for an illegal activity. I think that Smith's presence at that apartment at that time of night was sufficient for the police to believe that he was there to participate in the criminal activity. As a matter of fact, it is unlawful to *visit* a place where illegal controlled substances are being used with knowledge of such use. Act No. 1407, § 507(b), Acts of Alabama, 1971, carried as Tit. 22, § 258(59). I believe the majority has slipped into error by dealing in "possibilities" rather than "probabilities."

There are several facts which surrounded the seizure in this case which I feel are omitted from the majority opinion which would support probable cause. Each case cited by the majority, in my opinion, involved seizure under circumstances which differ materially from the facts here. These other facts and the distinguishing characteristics of the opinions cited by the majority have been pointed out to them.

I believe there is good authority to support the position which I have in this case, but since the case turns on the "reasonableness" or "unreasonableness" of the search, other cases are not all that helpful. These "search and seizure" cases go off in all directions and many are inconsistent. In short, I believe the officer acted "reasonably." Of course, a majority thinks he acted "unreasonably." Somewhere lies what is truth and right.

MERRILL, HARWOOD and McCALL, JJ., concur.