ROBERT P. BRADLEY, Retired Appellate Judge.
This is an appeal from an order of forfeiture.
In March 1991 officers of the Multi-Agency Drug Enforcement Team obtained a warrant to search the premises of a certain residence located in Birmingham, Alabama. Upon arrival, the officers knocked on the door of the residence and, receiving no answer, made a a forcible entry. Officer R.J. Knight saw two people running out of the back door of the house and followed them to the backyard. He found three people standing there, including Cedric Wayne Humphrey. All were detained and patted down for weapons. While performing the pat-down search for weapons on Humphrey, Officer Knight discovered a lump in Humphrey’s pocket and ordered it to be removed. It was a plastic sandwich bag containing a small amount of cocaine. The officer also found an operable beeper on Humphrey’s person, as well as $1,287 in cash. Humphrey was subsequently arrested and the money was confiscated.
The state of Alabama subsequently filed a “Currency Petition,” alleging that the cash seized from Humphrey was used or intended to be used in facilitating a violation of state laws concerning controlled substances. The state sought the forfeiture of this currency to the state pursuant to § 20-2-93, Code 1975. After an ore tenus proceeding in August 1991, the trial court issued an order requiring that the currency found on Humphrey’s person be forfeited to the state. Humphrey appeals.
Humphrey argues that the currency cannot be forfeited to the state because it was confiscated in the course of an unlawful search and seizure. Humphrey points out that “the search of persons not named or described in a search warrant, but found on the premises being searched, is not made lawful simply by their presence; the law requires that there be probable cause to believe that such persons are themselves participants in criminal activity.” Smith v. State, 292 Ala. 120, 289 So.2d 816 (1974). Humphrey claims that his mere presence in the back yard did not constitute probable cause for a pat-down search resulting in search and seizure.
A search warrant for premises does not permit searches of persons who are not reasonably believed to be associated with the premises. Stanfield v. State, 529 So.2d 1053 (Ala.Cr.App.1988). However, it is well established that a corroboration of details can be enough to show probable cause under the totality of the circumstances. Stanfield. In Stanfield, the court of criminal appeals found that a defendant’s presence at an apartment being searched, in view of information known to the officers and the defendant’s own furtive movements, constituted probable cause for searching the defendant’s person.
In this case, the officers obtained a search warrant after receiving a tip that the premises were being used for the manufacture of crack cocaine. Upon entering the premises, the officers found baking soda, cut off coat hangers, cotton, and other materials. At trial, one of the arresting officers gave undisputed testimony to show *273 that these items are used to formulate crack.
In its order, the trial court noted that each of the materials alone might not justify a search, but when found together were strong indication of Humphrey’s involvement with drug manufacture. The court concluded that the discovery of these materials, coupled with the facts already known to the officers and the occupants’ attempt to escape the premises, was sufficient probable cause to justify the search of the persons found in the back of the house. After reviewing the record and applicable law, we conclude that the trial court did not err in its finding of probable cause. Accordingly, the seizure and subsequent forfeiture of Humphrey’s currency was not constitutionally improper. The trial court’s judgment is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.