## David Garey *vs.* Julius Marcus *et al.*

NOVEMBER 7, 1962.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

POWERS, J. This is an action of assumpsit in which a default judgment was entered for the plaintiff in the sum of $1,980 and costs. A justice of the superior court denied the defendant Julius Marcus' motion to vacate the judgment and the case is here on his single exception thereto. Hereinafter reference to the defendant will mean the defendant Julius Marcus.

The record discloses that the writ was issued on October 1, 1957; that the case was assigned for jury trial on December 7, 1961; that on November 16, 1961 the then counsel for defendant was permitted to withdraw; that on December 7, 1961 the case was called for trial; and that, defendant failing to appear, the default judgment was entered.

The record further discloses that thereafter defendant's present counsel entered his appearance, filed a motion to vacate the judgment and an affidavit setting forth an alleged

meritorious defense; and that the motion was denied on February 1, 1962.

The substantive provisions of the affidavit are set forth as follows:

"That a substantial part of the moneys claimed by the plaintiff in said action were gifts to defendant's wife;

"That in further defense to said action, defendant Marcus avers that he repaid substantial amounts of the moneys claimed by the plaintiff.

"Further deponent sayeth not."

The transcript of the February 1, 1962 proceedings contains only the decision of the trial justice. We are informed by counsel that no testimony was taken but that counsel for defendant read to the court a communication received by him from defendant who apparently resides in Florida.

In denying defendant's motion, the trial justice stated in effect that the affidavit was so lacking in detail as to be legally frivolous and in his opinion was not made in good faith. Although he also stated that he accepted as true the information in a letter from defendant to his counsel, which information was related to him by counsel, the trial justice left no doubt but that he was not impressed by anything therein as indicating a showing of good faith by defendant.

The letter itself was not made a part of the record and is therefore not before us. We can only consider so much thereof as the trial justice reveals in stating those reasons on which he exercised his discretion. The defendant contends, however, that since the trial justice refers to the letter and states that he believes the information therein contained to be true, this court should take into consideration excerpts from the letter and comments of counsel which do not appear in the decision. He relies on *Harrington* v. *Harrington*, 66 R. I. 363.

It is clear from a reading of that case that this court did not consider anything not certified as a part of the record. Moreover, in the *Harrington* case this court was careful to observe that a decision on the merits in a suit for divorce was a matter of concern to the state as well as to the parties in interest. No such circumstance is here present.

We need not consider the trial justice's determination that the alleged defense was legally frivolous. If both a meritorious defense and good faith are not reasonably established, his denial of the motion is neither arbitrary nor an abuse of discretion. *Milbury Atlantic Mfg. Co.* v. *Rocky Point Amusement Co.,* 44 R. I. 458.

On the state of the record before us, as it relates to the question of good faith, we cannot say that the decision of the trial justice is either erroneous or an abuse of judicial discretion.

The defendant's exception is overruled and the case is remitted to the superior court for further proceedings following the judgment.

*Arcaro, Belilove & Kolodney, Abraham Belilove,* for plaintiff.

*Perry Shatkin,* for defendant Julius Marcus.