263 A.2d 686.

STATE *vs.* PHILLIP D. CARUFEL.

MARCH 24, 1970.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

JOSLIN, J.  An indictment filed in the Superior Court charged the defendant with possession of "a certain narcotic drug, to wit, cannabis" in violation of G. L. 1956, §21-28-31, as amended by P. L. 1962, chap. 110, sec. 1. His pretrial motions to quash the indictment on constitutional grounds and to suppress certain evidence allegedly obtained unconstitutionally were denied.  At his trial to a judge and jury, some cannabis, the subject of the motion to suppress and the evidence necessary to convict, was admitted into evidence over his objection.  The jury found him guilty as charged, and he was sentenced to serve two years in the Adult Correctional Institutions.  He is now here on his exceptions to the denial of the motion to quash and to certain evidentiary rulings.

### The Motion To Quash

In the pretrial motion to quash the indictment,[1] defendant challenged the constitutionality of the statute upon which the indictment is based.  He claimed that it violates:

(1) Article XIV of the amendments to the Constitution of the United States because it seeks to control activity which "the weight of scientific evidence" shows does not pose a serious and immediate danger to the public health, safety or morals, and because it fails to distinguish between marijuana and the so-called "hard narcotics"; and

(2) Article IX of the amendments to the Federal Constitution because there is no compelling state interest justi-

---

[1]The record contains neither a transcript nor any other evidence of what took place at the hearing on the motion, and we have no way of knowing what evidence defendant may have proffered in support of his challenge.

fying an abridgement of his "right to smoke" marijuana; and

(3) Article VIII of the amendments to the Constitution of the United States and article I, section VIII of the state constitution because it provides for an excessive, cruel and unusual punishment[2] for the state of drug addiction which is not proportionate to the offense.

These challenges require no extended discussion. The first two suffer from a common failing. While defendant repeats those challenges in his brief, he does not support them there or in oral argument with any analysis, discussion or citation of authority. A contention, like an exception, if it is to be meaningful, requires briefing and argument. These challenges are, therefore, at least for the purpose of this review, deemed to have been waived. *State* v. *Mandella*, 79 R. I. 476, 478-79, 90 A.2d 423, 425.

There is an alternative ground for rejecting the first challenge. While the motion asserts that cannabis is distinguishable from "hard narcotics," and that the "weight of scientific evidence" indicates that it poses no danger permitting an exercise of the police power, the record contains not even a scintilla of evidentiary substantiation for these factual assertions. That void alone precludes consideration inasmuch as an old and deeply imbedded principle in our jurisprudence presumes constitutionality and imposes upon one attacking it the burden of demonstrating unconstitutionality beyond a reasonable doubt. *Chartier Real Estate Co.* v. *Chafee*, 101 R. I. 544, 549, 225 A.2d 766, 769; *Opinion to the House of Representatives*, 99 R. I. 377, 381, 208 A.2d 126, 128; *State* v. *Edwards*, 89 R. I. 378, 387, 153 A.2d 153, 159; *In the Matter of Dorrance Street*, 4 R. I. 230, 240.

---

[2]The punishment upon conviction for a first offense at the time defendant was convicted was not less than two nor more than 15 years and a fine of not more than $10,000. G. L. 1956, §21-28-31, as amended by P. L. 1962, chap. 110, sec. 1.

Moreover, to prescribe penalties for possession of cannabis, and to classify it with other "hard narcotics," are legislative judgments and they are "presumed to be supported by facts known to the legislature unless facts judicially known or proved preclude that possibility." *South Carolina Highway Department* v. *Barnwell Bros.,* 303 U. S. 177, 191, 58 S. Ct. 510, 517, 82 L. Ed. 734, 743. The record in this case is devoid of any evidentiary basis which would justify a disregard of the legislative judgment.

The defendant's final challenge to the indictment is also inadequate. He argues that cannabis has been legislatively classified as a narcotic, that being a narcotic it must be assumed to be addictive, that a user of an addictive is afflicted with a disease, and that to criminally punish for an affliction is constitutionally impermissible. Whatever the validity of this argument might be if defendant had been indicted for *using* cannabis, it has none and is completely inapposite here where there is no evidence that defendant is a *user,* and where he is charged, not with *using,* but with *possession* of cannabis.

Finally, it should be observed that other courts reaching the merits of a challenge to the validity of a marijuana statute, so called, have with apparent unanimity rejected substantially the same constitutional arguments as are urged here. *People* v. *Stark,* 157 Colo. 59, 400 P.2d 923; *Spence* v. *Sacks,* 173 Ohio St. 419, 183 N.E.2d 363; *State* v. *Mendoza,* 104 Ariz. 395, 454 P.2d 140; *Reyna* v. *State* (Tex.) 434 S.W.2d 362; *State* v. *Robinson,* 75 Wash. 2d 230, 450 P.2d 180; *Commonwealth* v. *Leis,* 355 Mass. 189, 243 N.E.2d 898; *Bailey* v. *United States,* 386 F.2d 1.

## The Evidentiary Rulings

Leo J. Gracik, Jr., senior narcotics inspector in the Department of Health, was the only person to testify concerning the search and seizure. He, together with other enforcement officials, had Mary Sweetland's first-floor premises

at 733 Pine Street in Central Falls under surveillance for about three weeks. Their surveillance culminated on the night of March 29, 1968, when, at about 11:45, they executed a warrant[3] authorizing a search of the Sweetland apartment. After opening the apartment door, Gracik stood in the doorway, identified himself and those with him to the approximately 28 people present, and then announced that he had a search warrant for the premises and that "everybody in the place would be taken to the station after they were searched."

The defendant was the first to be searched. Inspector Gracik took him by the arm, and as the inspector was situating him next to a wall preparatory to searching his person, defendant discarded a small aluminum foil packet which he had in his hand. Gracik retrieved the packet, and tentatively identified its contents as hashish. He then patted defendant down and had him empty his pockets. Nothing of an incriminating nature was found. Subsequent tests revealed that the aluminum foil packet contained cannabis.

Thereafter defendant was indicted, tried and convicted for possessing cannabis. Prior to trial he moved to suppress the packet and its contents. His principal objection was that the standards governing the use of information obtained from informants had not been satisfied. Whether any additional grounds were urged is not known because, for some unexplained reason, no transcript of the preliminary proceedings is included in the record before us.[4] The

---

[3]While we have been advised both by the state and defendant that the searching officers had a warrant—and have assumed that to be the case—the record does not disclose that the warrant was ever returned. It does, however, disclose that it was directed against the premises of Mary Sweetland, alias Jane Doe.

[4]We, of course, do not go dehors the record, and we decide the case on the basis of the record before us. *Niedwicki* v. *Belasco,* 49 R. I. 417, 418, 142 A. 228, 229; *Garey* v. *Marcus,* 95 R. I. 169, 170, 185 A.2d 306, 307.

record does, however, include a copy of the written decision denying defendant's motion. That decision makes clear that the motion justice refused to suppress the packet and contents because he believed the complaint upon which the warrant had been issued satisfied our own as well as federal standards. The defendant does not press his exception to this ruling, but concedes instead that it was correct.

At the trial, defendant, by then represented by private counsel rather than by the assigned counsel who had appeared in his behalf at the suppression hearing, attempted while cross-examining inspector Gracik to ascertain whether the seizure of the cannabis could be justified upon some basis other than the warrant. The trial justice sustained the state's objections to these questions and also overruled defendant's objection to the admission into evidence of the aluminum foil packet and its contents. Although the trial justice did not state the theory which prompted his rulings, it is plain that he acted in the belief that the pretrial denial of the motion to suppress was binding upon him, and that there was therefore no reason why he should pause during the course of a criminal trial to redetermine whether the possession of the evidence tendered had been illegally obtained.[5]

Regrettably, defendant did not when he pressed his objection to admissibility follow established procedures and advise the trial justice that the purpose and scope of his inquiries were to establish a possible violation of his constitutional right to be free in his person and effects against an unreasonable search and seizure, and that he was objecting for reasons other than those advanced, argued or decided at the suppression hearing. If that advice had been given, the trial justice would have known why defendant was attempting to show that there was no probable cause

---

[5]See *State* v. *Lorenzo,* 72 R. I. 175, 183-84, 48 A.2d 407, 412; *State* v. *Cairo,* 74 R. I. 377, 382-84, 60 A.2d 841, 844-45.

for his arrest, and the justice would have been aware that defendant, rather than attempting to relitigate what had already been decided, was instead advancing a new ground —and one more constitutionally tenable—as the basis for his objection to the introduction of the cannabis. Whether defendant, by failing to advise the trial justice of his new position, was being somewhat less than forthright or was inviting error, or whether instead he was then unaware of the legal principles which he now asserts (and to which we shall shortly advert) is not clear. Whatever defendant's reasons may have been, however, are not decisive unless his failure to state clearly the pertinency of his proposed line of cross-examination and the new grounds upon which he was objecting to the admissibility of the cannabis constituted a waiver or a deliberate bypass of established procedural rules respecting the reception or rejection of evidence, and there is nothing in this record which establishes either.

Aside from the fact that defendant's failure in these respects is at the root of what is clearly a procedural hodgepodge, it creates two legal problems. One is whether in the circumstances the trial justice, if properly made aware of defendant's position, should have abandoned the preclusion theory; and the other is whether now, after trial and on direct review, we should permit defendant to advance his claim of constitutional errors, even though he did not, except perhaps by oblique reference, suggest them at trial.

It cannot be doubted that defendant's failure in these respects would have been fatal if they occurred prior to the decisions of the United States Supreme Court in *Fay* v. *Noia*, 372 U. S. 391, 83 S. Ct. 822, 9 L. Ed.2d 837 (1963), and *Henry* v. *Mississippi*, 379 U. S. 443, 85 S. Ct. 564, 13 L. Ed.2d 408 (1965). But since those decisions we have made it clear that there are circumstances where a viola-

tion of constitutional safeguards, absent waiver or deliberate bypass for strategic reasons, will not be sanctioned merely because the defendant has failed to observe procedural technicalities. *State* v. *Lemme,* 104 R. I. 416, 244 A.2d 585, 589; *State* v. *Leavitt,* 103 R. I. 273, 282-83, 237 A.2d 309, 315; *State* v. *Franklin,* 103 R. I. 715, 718-19, 241 A.2d 219, 227; *State* v. *Quattrocchi,* 103 R. I. 115, 117 n.1, 235 A.2d 99, 101 n.1. And where adherence to established procedural requirements has resulted in a forfeiture of constitutional rights we have permitted a defendant to seek vindication on direct review and have not insisted that he resort either to federal habeas corpus or state postconviction proceedings. *State* v. *Mendes,* 99 R. I. 606, 614-15, 210 A.2d 50, 55-56; *State* v. *Dufour,* 99 R. I. 120, 131, 206 A.2d 82, 88. (Joslin and Roberts, JJ., concurring)

Among our own decisions the case most closely approximating the present situation is *State* v. *Leavitt, supra.* There, on direct review, we held that the defendant's failure to move to suppress prior to trial did not bar his attrial assertion that the evidence tendered against him was the product of an illegal search and seizure. We reasoned that:

> "However exclusive this procedure [a pretrial motion to suppress requirement] may have been when that case was decided [*State* v. *Cairo,* 74 R. I. 377, 60 A.2d 841] and in keeping with orderly procedure may obviously remain, it is in the last analysis a rule of procedure and is governed by the decisions of the United States supreme court when the effect of state procedural rules is to deny a defendant fundamental safeguards guaranteed by the United States constitution." 103 R. I. at 283, 237 A.2d at 315.

In *Leavitt* there was no pretrial motion to suppress, but that procedural failure did not prevent the defendant from urging constitutional objections at the trial to the admission of evidence allegedly obtained illegally. In this case, the appropriate pretrial motion was made, but it was predi-

cated upon grounds which defendant now concedes were invalid. For practical purposes, therefore, this defendant at his trial was in the same position as was the defendant *Leavitt*—there had been no prior adjudication on his constitutional objections to the admission of evidence.

In these circumstances the trial justice, if properly advised or otherwise aware of the nature of defendant's position, would have been warranted in disregarding the pretrial ruling on suppression and in reconsidering the question of admissibility. The difficulty is that defendant did not make known to the trial justice, except perhaps tangentially, the real grounds upon which he challenged admissibility. Now, on review, he sets out the grounds of his objections in full for the first time. While it is with reluctance that we yield to such an unorthodox procedure, the rationale underlying *Leavitt* and the reading which our decisions give to *Fay* v. *Noia, supra,* and *Henry* v. *Mississippi, supra,* persuade us that in these peculiar circumstances we must now afford defendant an opportunity to urge a claim of constitutional error even though it was not presented at trial.

The defendant has availed himself of that opportunity and now asserts an infraction of the rule which says that a lawful search of premises pursuant to a valid search warrant directed to such premises does not extend to the person of one who merely chances to be upon those premises when the search is made. A substantial majority of the courts which have considered this question appears to have adopted this rule. *United States* v. *Festa,* 192 F. Supp. 160; *State* v. *Bradbury,* 109 N. H. 105, 243 A.2d 302; *State* v. *Fox,* 283 Minn. 176, 168 N.W.2d 260; *State* v. *Massie,* 95 W. Va. 233; *State* v. *Grames,* 68 Me. 418; *Purkey* v. *Maby,* 33 Idaho 281, 193 P. 79; cf. *United States* v. *Di Re,* 332 U. S. 581, 586-87, 68 S. Ct. 222, 224-25, 92 L. Ed. 210, 216; Contra, *People* v. *Pugh,* 69 Ill. App.2d 312, 217 N.E.2d

557. Though these authorities, as *Bradbury* suggests "are sparse and not particularly recent" we follow suit. To do otherwise would be to ignore the IV amendment command that a warrant shall particularly describe the place to be searched, and the person or things to be seized. While the rule we follow may limit the extent of a search under a valid warrant, it in no way restricts the right of the officer to arrest for a crime being committed in his presence, *Marron* v. *United States*, 275 U. S. 192, 48 S. Ct. 74, 72 L. Ed. 231, in which event, of course, a subsequent search of the arrestee is justified as being incident to a lawful arrest. In this case, however, at least so far as the record before us discloses, defendant was not engaged in criminal conduct when the officers entered Mary Sweetland's apartment. Instead, he merely happened to be there. That happenstance alone did not justify a search of his person.

Once it becomes apparent that the warrant did not justify the search, the question of whether the cannabis was legally obtained opens for reexamination. What is now pertinent is whether admissibility of the cannabis is justifiable upon some other ground, as for example: that defendant abandoned it when he discarded the aluminum foil packet, *Abel* v. *United States*, 362 U. S. 217, 240-41, 80 S. Ct. 683, 698, 4 L. Ed.2d 668, 687; *Rios* v. *United States*, 364 U. S. 253, 262 n.6, 80 S. Ct. 1431, 1436-37, 4 L. Ed.2d 1688, 1694; that the packet was in plain view when it was retrieved by the inspector who was then in a place where he had a right to be; *Harris* v. *United States*, 390 U. S. 234, 88 S. Ct. 992, 19 L. Ed.2d 1067; *State* v. *Brown*, 106 R. I. 453, 461, 260 A.2d 716, 721 n.1; *United States* v. *Williams*, 314 F.2d 795; *State* v. *Williams*, 19 Ohio App. 2d 234, 250 N.E.2d 907; or that it was obtained incident to defendant's lawful arrest. *State* v. *Brown, supra; State* v. *Mercurio*, 96 R. I. 464, 194 A.2d 574.

Because these matters were not fully explored at trial,

we now lack the factual setting necessary for a determination of the legality of the search and seizure. To fill that void will require a hearing in the Superior Court at which evidence may be introduced, and findings and conclusions made. The defendant assumes that the hearing will take place at a new trial, but that would be "drastic relief," *Knott* v. *Langlois*, 102 R. I. 517, 529-30, 231 A.2d 767, 773, which neither the exigencies of this situation nor the protection of defendant's constitutional rights demand. Here, the narrow question is whether the evidence upon which defendant's conviction rests was properly admitted. The answer will be just as ascertainable at a limited hearing as it would be at a new trial. Whether or not defendant will ultimately qualify for a new trial will, of course, turn on what the answer is. *Giordano* v. *United States*, 394 U. S. 310, 89 S. Ct. 1163, 22 L. Ed.2d 297; *Alderman* v. *United States*, 394 U. S. 165, 186-87, 89 S. Ct. 961, 973-74, 22 L. Ed.2d 176, 194.

The remand hearing, therefore, shall be limited to the suppression question. It shall be promptly held, and both the state and the defendant shall be afforded an opportunity to explore fully the question of a possible violation of defendant's constitutional rights. Following that hearing the Superior Court shall make findings of fact as may be appropriate in the light of the further evidence and of the existing record. If on the basis of those findings that court determines that the cannabis was improperly obtained, it shall, without necessity of any further order from this court, order a new trial. Conversely, if it decides that the admission was proper, the conviction will stand, subject to the right of the defendant to prosecute a bill of exceptions to the ruling on admissibility within the time and in the manner provided by G. L. 1956, §9-24-17, as amended by P. L. 1965, chap. 55, sec. 41.

The defendant's exception to the admission of the canna-

bis is sustained, his exceptions to other evidentiary rulings are overruled pro forma, his exception to the denial of his motion to quash is overruled, and the case is remitted to the Superior Court for further proceedings.

*Herbert F. DeSimone,* Attorney General, *Donald P. Ryan,* Assistant Attorney General, for plaintiff.

*Aram K. Berberian,* for defendant.