304 A.2d 895.

STATE *vs.* MAXIMIANO ALMEIDA.

MAY 30, 1973.

PRESENT: Roberts, C. J., Paolino, Powers and Kelleher, JJ.

ROBERTS, C. J.   These are two indictments, one, No. 71-15, charging the defendant with possession of a certain narcotic drug, to wit, cannabis, in violation of G. L. 1956 (968 Reenactment) §21-28-31, and the other, No. 71-16, charging him with the sale of a narcotic drug, to wit, cannabis, in violation of §21-28-32.   After a trial to a jury in the Superior Court, he was found guilty as charged in each indictment and is now in this court prosecuting a bill of exceptions in each case.

It appears from the record that a member of the East Providence Police Department working as an undercover agent for the Pawtucket Police Department testified that on August 22, 1970, defendant sold him a substance wrapped in tinfoil.   The substance was subsequently examined by

Robert Arthur Miller, a state toxicologist, who at trial testified that it was cannabis.

The defendant on cross-examination sought to adduce through the state toxicologist testimony that cannabis is neither physiologically addictive nor a narcotic drug. However, this line of testimony was excluded as the prosecution objected thereto. Thereafter, the defense, apparently making the toxicologist its own witness, inquired of him as to his familiarity with the non-addictive qualities of cannabis and as to whether, in his opinion, cannabis is an addictive drug or a pharmacological narcotic. This evidence being excluded, the defense then made an offer of proof, contending that the state toxicologist would have testified, had he been permitted to answer, that he was familiar with the non-addictive qualities of cannabis, that cannabis is not an addictive drug nor a pharmacological narcotic, and that cannabis is not physiologically addictive.

The prime contention of defendant is that the excluded testimony of the toxicologist with respect to which the offer of proof was made would support a finding that the statute unreasonably classifies cannabis as a narcotic and thus must fall as being in violation of the right of defendant to due process of law. The defendant states the basic issue to be whether the provisions of the due process clause of the fourteenth amendment of the Constitution of the United States preclude a defendant from rebutting a legislative classification of cannabis as a narcotic drug.

The first question, then, with which we are confronted is whether the trial justice erred in excluding the testimony offered by defendant challenging the validity of the classification of cannabis. This same issue was raised in *State v. Carufel*, 106 R. I. 739, 263 A.2d 686 (1970). While in that case the court rejected the argument as not being properly briefed, it also offered an alternative ground for dispensing with such a challenge:

"While the motion asserts that cannabis is distinguishable from 'hard narcotics,' and that the 'weight of scientific evidence' indicates that it poses no danger permitting an exercise of the police power, the record contains not even a scintilla of evidentiary substantiation for these factual assertions. That void alone precludes consideration inasmuch as an old and deeply imbedded principle in our jurisprudence presumes constitutionality and imposes upon one attacking it the burden of demonstrating unconstitutionality beyond a reasonable doubt. *Chartier Real Estate Co.* v. *Chafee*, 101 R. I. 544, 549, 225 A.2d 766, 769; *Opinion to the House of Representatives*, 99 R. I. 377, 381, 208 A.2d 126, 128; *State* v. *Edwards*, 89 R. I. 378, 387, 153 A.2d 153, 159; *In the Matter of Dorrance Street*, 4 R. I. 230, 240. Moreover, to prescribe penalties for possession of cannabis, and to classify it with other 'hard narcotics,' are legislative judgments and they are 'presumed to be supported by facts known to the legislature unless facts judicially known or proved preclude that possibility.' *South Carolina Highway Department* v. *Barnwell Bros.*, 303 U. S. 177, 191, 58 S.Ct. 510, 517, 82 L.Ed. 734, 743. The record in this case is devoid of any evidentiary basis which would justify a disregard of the legislative judgment." *Id.* at 742-43, 263 A.2d at 688.

If a defendant is burdened with the task of demonstrating unconstitutionality beyond a reasonable doubt and of rebutting the presumption in favor of facts found by the Legislature, due process necessitates granting the defendant the opportunity to introduce expert testimony to counteract the legislative judgment. It would be incongruous to require, on the one hand, scientific evidence to attack the validity of the classification of cannabis with "hard narcotics" (as this court did in *Carufel*) and then, on the other hand, prohibit the introduction of such evidence at trial. Such a situation would foreclose any challenge to the constitutionality of the statute, a result inconsistent with any notion of due process of law. Thus, the trial justice erred in rejecting defendant's offer of proof.

We turn to the question whether the trial justice's rejection of the proffered testimony was prejudicial to defendant. We must, for the purposes of this appeal, examine the case in the light of the offer of proof in order to determine if the rejected evidence reasonably could have altered the result. The purpose of the offer of proof is to enable the court to determine the materiality, relevance, and competence of the evidence that was excluded upon presentation so that we may determine whether defendant was prejudiced by the exclusion. *State* v. *Jefferds,* 91 R. I. 214, 162 A.2d 536 (1960); *State* v. *Henderson,* 71 R. I. 219, 43 A.2d 327 (1945).

The alleged probative thrust of the testimony excluded by the trial justice's ruling was that cannabis is. neither a narcotic nor an addictive drug. The defendant contends that the controlling issue in' the case is whether he was denied due process by the Legislature's action in calling cannabis a narcotic when as a scientific fact it is not a narcotic. We cannot agree that this is the controlling issue and are of the opinion that the contention is based upon a misconception of the case. The question of whether defendant was prejudiced must turn upon whether that evidence, if admitted, would have satisfied the burden of proof necessary to rebut or overcome the presumption that the classification rested upon rational grounds. See *State* v. *Carufel, supra.* It was not, in our opinion, sufficient to meet that burden, and we conclude, therefore, that the ruling of the trial justice, though erroneous, did not prejudice this defendant.

The defendant contends also that the statute violates his due process rights because it penalizes the possessor without requiring a showing that the possessor knew of the nature of the contraband. This argument was raised in *State* v. *Gilman,* 110 R. I. 207, 291 A.2d 425 (1972), where this court held that the trial justice properly rejected this

contention when he held that the statute implicitly required a showing of knowledge by the possessor. Concurring in the action of the trial justice, this court said at 215, 291 A.2d at 430: "Rather, we shall follow the lead of those jurisdictions who construe the word 'possess' when used in a criminal statute to mean an intentional control of a designated object with knowledge of its nature." The court went on to say: "It must be emphasized that the only knowledge required is the knowledge of the nature of the object possessed; knowledge or lack of knowledge that the possession is illegal is immaterial." *Id.* at 215, 291 A.2d at 430. We, therefore, hold this contention of the defendant to be without merit.

All of the defendant's exceptions in each case are overruled, the judgment of conviction is affirmed, and the cases are remitted to the Superior Court.

Mr. Justice Powers participated in the decision but retired prior to its announcement. Mr. Justice Joslin and Mr. Justice Doris did not participate.

*Richard J. Israel,* Attorney General, *Donald P. Ryan,* Asst. Attorney General, *R. Raymond Greco,* Special Asst. Attorney General, for plaintiff.

*Berberian & Tanenbaum, Aram K. Berberian,* for defendant.