329 A.2d 190.

STATE *vs.* ROBERT A. BECK.

DECEMBER 5, 1974.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

PAOLINO, J. These are two indictments, one, No. 73-689, charging the defendant with possession and sale of phencyclidine and two, No. 73-690, charging him with possession and sale of cannabis. The indictments were based on violations of certain provisions of the Uniform Narcotic Drug Act, G. L. 1956 (1968 Reenactment) §§21-28-3, 21-28-31 and 21-28-32, which were in effect at the time of the indictments. After a jury trial in the Superior Court the defendant was found guilty as charged and is now in this court on a claim of appeal in both cases.

I

The first question with which we are confronted is whether the trial justice erred in arrogating to himself the function of determining the narcotic qualities of a proscribed drug rather than in submitting the issue to the jury. The defendant contends that the determination of the narcotic qualities of the proscribed drug was a jury question. We do not agree with this contention. In the court below this issue arose when defendant filed a motion to dismiss the cannabis count in Indictment No. 73-690. The defendant based his motion to dismiss the indictment on the basis that cannabis is neither psychologically nor pharmacologically a narcotic and hence the statutory classification of §21-28-2(15) is inaccurate and unconstitutional. The determination of this particular issue is a

matter of law and thus within the province of the trial justice to decide.

## II

The defendant next asserts that the statutory classification of cannabis as a narcotic is unconstitutional. While he fails to make clear the specific elements of this contention, we assume his argument to be that there is substantial disagreement in the scientific community with the proposition that cannabis is a narcotic in a chemical or strictly scientific sense, and that its classification as a narcotic by the Legislature is therefore arbitrary and without a rational basis. Finally, we assume him to contend that the statute violates the Due Process Clause or the Equal Protection Clause on its face and as applied to him. Many jurisdictions have been confronted with the same question. For various reasons, the vast majority of courts have upheld the classification of cannabis as a narcotic. Very few courts have been sufficiently impressed by recent medical and scientific opinion to find the contested classification arbitrary and therefore unconstitutional. *See* Annot., 50 A.L.R.3d et seq. 1164 (1973).

In our view the opinion of the jurisdictions upholding the classification of cannabis as a narcotic is the better-reasoned one. The pivotal consideration is whether the classification has a reasonable relation to the specific purpose sought to be achieved by the legislation involved. *People* v. *Stark,* 157 Colo. 59, 400 P.2d 923 (1965). In *State* v. *Almeida,* 111 R. I. 566, 304 A.2d 895 (1973), we stated that due process necessitates granting the defendant the opportunity to introduce expert testimony to rebut the legislative classification. The defendant has the burden of demonstrating unconstitutionality beyond a reasonable doubt and of rebutting the presumption in favor of the facts found by the Legislature. The trial justice below

found that defendant had not carried this burden. The defendant called a psychopharmacologist, who by his own admission had conducted no experimentation with cannabis. The trial justice could easily have found that his testimony was insufficient to rebut the statutory classification that marijuana was a narcotic even in the literal scientific sense of the term.

Putting aside this failure to rebut even the literal scientific sense of marijuana as a narcotic and, assuming that this burden had been carried, this court believes that the Legislature nonetheless has a broad power to define terms for particular legislative purposes. It is a legislative prerogative to encompass more than hard drugs within statutory proscriptions where their inclusion has a rational basis. The Legislature could rationally include cannabis since it shares some properties with many other drugs, including the hallucinogenic drugs proscribed by §21-28-2 (15), and the hypnotic drugs proscribed in ch. 29 of tit. 21, entitled "Barbiturates And Hypnotic Drugs," both of which statutes were in effect at the time of the indictment. As appears from the expert testimony in the record, cannabis can cause an abnormal mental state, alter consciousness, impair memory and judgment, and cause confusion, disorientation and anxiety. We believe that the Legislature was within its power in prohibiting cannabis and that its inclusion among the proscribed drugs is rationally based. In our opinion cannabis need not be a narcotic as an absolute scientific fact in order for it to be proscribed as a narcotic. *United States* v. *Eramdjian,* 155 F. Supp. 914 (S.D. Cal. 1957). *State* v. *Kantner,* 53 Hawaii 327, 493 P.2d 306 (1972). Furthermore, this court is not swayed by the mere fact of differing scientific and medical opinion concerning the narcotic effect of marijuana. While scientific views may be more advanced than legislative judgments, they are themselves subject to change and

modification as the state of sciences develops. Consequently, it is our view that as long as the Legislature could reasonably have so classified marijuana as a proscribed narcotic at the time of the passage of the legislation, and up to July 1, 1974 when the statute was changed,[1] its action was reasonable, and a rational basis existed for the classification.

### III

The defendant further contends that it was error to preclude his expert witness from testifying about the comparative qualities of water and table salt vis-à-vis cannabis. This contention is without merit. Neither substance had been proscribed nor could either in any way establish the narcotic classification of cannabis as unreasonable, and thus the trial justice was correct in sustaining the objection to the comparison.

### IV

The defendant also contends that the trial justice could not preclude the presentation of evidence that phencyclidine is not a narcotic. The trial justice refused to allow the introduction of said evidence by reason of defendant's failure to file an affirmative motion pursuant to Super. R. Crim. P. 12(b)(2). That rule states:

> "Defenses and Objections Which Must Be Raised. The defense of double jeopardy and all other defenses and objections based on defects in the institution of the prosecution or in the indictment or complaint other than that it fails to show jurisdiction in the court or to charge an offense may be raised only by motion before trial. The motion shall include all such defenses and objections then available to the defendant. Failure to present any such defense or objection as herein provided constitutes a waiver thereof, but

---

[1]General Laws 1956 (1968 Reenactment) §21-28-4.01, subsec. (C)(1)(b). Public Laws 1974, ch. 183.

the court for cause shown may grant relief from the waiver."

We think that the case at bar falls within the exception of the defense of failure to charge an offense, and hence the defense could be raised at trial. Thus, the trial justice erred in preventing defendant's presentation of evidence.

We turn to the question of whether the trial justice's rejection of expert testimony that phencyclidine was not a narcotic was prejudicial to defendant. In *State* v. *Almeida, supra,* the court stated that "The question of whether defendant was prejudiced must turn upon whether that evidence, if admitted, would have satisfied the burden of proof necessary to rebut or overcome the presumption that the [legislative] classification rested upon rational grounds." *Id.* at 570, 304 A.2d 898. In examining the evidence in the light of the offer of proofs made, we do not think that defendant was prejudiced by the preclusion of the evidence. The expert testimony was proffered solely to contradict the narcotic qualities of phencyclidine. Even if the expert testimony were successful in contradicting the narcotic qualities of phencyclidine, defendant had an additional burden. He had to show either that phencyclidine was not a hallucinogenic drug or alternatively, that, though phencyclidine was a hallucinogen, there was no rational basis for its inclusion in the general proscribed category. There are no offers of proof for either alternative. The defendant had not satisfied the burden of proof necessary to rebut or overcome the presumption that the classification rested upon rational grounds. *State* v. *Carufel,* 106 R. I. 739, 263 A.2d 686 (1970).

## V

The defendant also argues that the trial court was in error in allowing a toxicologist to identify phencyclidine as a narcotic. A study of the record indicates that the toxicologist first identified the substance as a hallucinogen.

The state witness did not need to testify to the pharmacological qualities of phencyclidine once the substance was identified as a hallucinogen. The classification as a narcotic was made by the statute.

## VI

The defendant also contends that the trial court incorrectly prevented him from introducing learned treatises as full exhibits. The defendant directs this court to 6 Wigmore, *Evidence* §1691 at 5 (3d ed. 1940). Therein is recited the rule that a court should allow the use of a printed treatise, approved and read aloud by an expert witness on the subject. This citation lends no support to defendant's position. There is no *carte blanche* approval for allowance of the introduction of an entire treatise into evidence. In the instant case nothing from the record indicates which specific passages were to be introduced and for what purpose other than for some general support of defendant's expert witness' position. We will not allow full treatises to be admitted for general purposes.

## VII

Finally, the defendant argues that the use of the term cannabis sativa renders the statute unconstitutionally vague. In our opinion this term, through its incorporation into the vernacular, has acquired a well-understood meaning. Its use is not so confusing as to deny the defendant an understanding of the offense with which he has been charged, nor can there be any question as to what substance has been proscribed.

For the reasons set forth above the defendant's appeal is denied and dismissed.

*Richard J. Israel,* Attorney General, *Donald P. Ryan,* Asst. Attorney General, for plaintiff.

*Berberian & Tanenbaum, Aram K. Berberian,* for defendant.