## EVELYN ELIZABETH GILES *v.* STATE OF MARYLAND

[No. 103, September Term, 1970.]

*Decided December 29, 1970.*

---

The cause was argued before ORTH, THOMPSON, and POWERS, JJ.

*Thomas Ward* for appellant.

*James F. Truitt, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *Peter D. Ward, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

POWERS, J., delivered the opinion of the Court.

A valid search warrant properly executed, may produce evidence sufficient to convict a person accused of crime. A defective and invalid search warrant produces confusion, waste and injustice, to an accused or to society, or to both.

The Declaration of Rights of Maryland provides in Article 26:

"That all warrants, without oath or affirmation,

to search suspected places, or to seize any person or property, are grievous and oppressive; and all general warrants to search suspected places, or to apprehend suspected persons, without naming or describing the place, or the person in special, are illegal, and ought not to be granted."

and the Fourth Amendment to the Constitution of the United States says:

"The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

See *Asner v. State*, 193 Md. 68, 75, and *Salmon v. State*, 2 Md. App. 513.

Implementation is found in Code, Art. 27, § 551. Upon proper sworn application and affidavit a

"* * * judge or justice of the peace may forthwith issue a search warrant directed to any duly constituted policeman, constable or police officer authorizing him to search such suspected individual, building, apartment, premises, place or thing, and to seize any property found liable to seizure under the criminal laws of this State, provided that any such search warrant shall name or describe, with reasonable particularity, the individual, building, apartment, premise, place or thing to be searched, * * *."

As the Court of Appeals said in *Dow v. State*, 207 **Md.** 80, page 83:

"What is decisive in every case is the identity of that which is to be searched. If it is a building,

it must, of course, be described with such particularity that it can be identified as to location and extent."

*Saunders v. State*, 199 Md. 568, and *Ferguson v. State*, 236 Md. 148, illustrate the indispensible requirement that the description of the premises to be searched enable the officer with the warrant to locate the place with certainty. Lacking such description of the premises a search warrant is general and therefore illegal, and can yield no legal fruits. *Mapp v. Ohio*, 367 U. S. 643, made it clear that the Fourth Amendment's right of privacy is enforceable against the states through the due process clause of the Fourteenth Amendment by the sanction of exclusion.

Evelyn E. Giles appeals from her conviction in a court trial and sentences in the Criminal Court of Baltimore under two counts of an indictment charging maintenance of a common nuisance under Code Art. 27 § 291. She was arrested in a house at 409 East 21½ Street in Baltimore shortly after Officer Melvin Diggs and other members of the Baltimore City Police Department entered the premises about 11:30 P.M. on October 24, 1969, armed with a search warrant issued that day by a judge of the Municipal Court. Narcotics and narcotics paraphernalia were found and seized during the search and were offered and received in evidence over objection at the trial.

Prior to the beginning of the trial on the merits on February 5, 1970, defense counsel filed a Motion to Suppress and Exclude Evidence. He attacked the search warrant, asserting that the affidavit lacked sufficient information to amount to probable cause, that the affidavit did not sufficiently describe the informant to establish his reliability, and "for other good reasons to be shown." A separate hearing on the motion was held before trial. Evidence was taken, and the reasons stated in the motion were fully argued. No *other* good reasons were shown. In that pretrial hearing the search warrant, the application and the affidavit were put in evidence. At one point the trial judge asked, "Is the address on that warrant?",

and defense counsel replied, "Yes, Your Honor." After arguments, the trial judge indicated that the affidavits were sufficient, asked if there was anything else, and counsel stood on the unreliability of the informant.

At the trial which followed, the State offered "just the face of the warrant without all the other information." It was received in evidence over objection, for the limited purpose of proving the search of the premises. When the fruits of that search, two bags of heroin and some hypodermic syringes and needles were offered, they were received over objection based on "strictly the legality of the search and seizure of the warrant."

Appellant here asserts for the first time that the search warrant is bad on its face because it did not describe or identify the premises to be searched. Officer Diggs made a sworn application (Police Department Form 67/188) praying that "a Search and Seizure Warrant be issued for said (f) Negro female known as Sis, 40 years of age, 5'4" in height, 120 in weight. Premises 409 E. 21½ St. a two story brick dwelling," and presumably presented to the Municipal Court judge a partially filled out search and seizure warrant form (Police Department Form 67/187). The judge signed and issued the search warrant. The photocopy which came to us as a part of the record on appeal was blank in the space provided for filling in the description of the person or the premises to be searched. We have obtained and examined the original. It is likewise blank.

The search warrant itself, lacking a description of the place to be searched, was invalid, unless the affidavit, which did describe the premises, was incorporated by reference and became a part of the warrant, as in *Frey v. State*, 3 Md. App. 38, 42, 47. This warrant contains no statement which could be construed as incorporating the affidavit. For a search warrant held fatally defective because it did not properly name the person on whose application it was issued, see *Howard v. State*, 199 Md. 529.

Our principal difficulty is whether the question is properly before us in this case. Under Rule 1085, we will not

ordinarily decide any point or question which does not plainly appear by the record to have been tried and decided by the lower court. This limitation on the scope of our review applies even when it is contended that the statute under which appellant was convicted is unconstitutional, *Woodell v. State*, 2 Md. App. 433, 437, or that articles admitted in evidence were the fruits of an illegal arrest, *Gazaille v. State*, 2 Md. App. 462, 463. Since "state procedural requirements governing assertion and pursuance of direct and collateral challenges to criminal prosecutions must be respected" (*Mapp v. Ohio, supra*) it is for us to decide whether the evidence which convicted appellant was properly challenged.

We think the challenge was sufficiently made below, not by the Motion to Suppress, which was heard and determined prior to trial on the merits, but by the objection to the evidence when it was offered. Rule 729 provides a pretrial procedure to suppress, exclude, or secure the return of property obtained by an unlawful search and seizure. It is not exclusive, and failure to invoke it does not constitute a waiver of defendant's right to object at the trial to the introduction of such evidence. § c. An adverse pretrial ruling on such a petition preserves the point on appeal, and objection at the trial is not required. § f, § g 2. We cannot say, however, that objection at trial has no effect.

Appellant's pretrial Motion to Suppress, based as it was upon alleged lack of probable cause, and alleged failure to show reliability of the informant, did not raise for decision by the lower court the question that the warrant was a general one, not describing the premises. But the objection made to the evidence when it was offered at the trial of the merits went in general terms to the legality of the search and seizure. Rule 725 makes Rule 522 applicable to criminal causes (*Cleveland v. State*, 8 Md. App. 204) and Rule 522 d. 1. provides: "Unless requested by the court, it is not necessary to state the grounds for objections to evidence."

When the heroin was offered, counsel objected and the

court inquired, "By the way, are you raising any question of chain of custody?", and counsel replied, "No, Your Honor. It is strictly the legality of the search and seizure of the warrant." When the syringes and needles were offered, after an explanation of the manner of using them, counsel objected and the following was said:

"THE COURT: You are objecting because you do not think he is qualified to identify it?

MR. KROOP: On the two-fold point, the qualifications—

THE COURT: Do you want him to demonstrate this?

MR. KROOP: No. The Court has made its decision. I just want to preserve the record.

THE COURT: I will overrule it.

MR. KROOP: I also want to renew it as to the fourth amendment, the legal search and illegal search and seizure.

THE COURT: Overruled."

Undoubtedly in the light of the points made in the Motion to Suppress, the Court did not feel it necessary to require the grounds to be made more specific than the general one of illegality of the search and seizure. In *Robert v. State*, 220 Md. 159, the Court of Appeals dealt with an almost parallel situation, at pages 167-168. Evidence of a telephone conversation was objected to on the ground the caller was not identified. The objection was not ruled upon at that time. Later, after a better foundation was attempted, the evidence was again offered, and a general objection was made and overruled. On appeal it was held that the objection was not limited, and appellant's contention that the evidence violated the Wire Tapping Act was entertained and was in fact the basis of reversal.

Appellant's ground here, illegality of the search warrant on its face, is not such a "nontraditional ground" as we dealt with in *Johnson v. State*, 9 Md. App. 166, at page 177.

The palpable invalidity of the search warrant is properly before us, and requires us to reverse the judgments and remand the case for a new trial.

*Judgments reversed and case remanded for a new trial.*