STATE of Minnesota, Appellant,

v.

Robert M. MATHISON, Respondent.

No. 48013.

Supreme Court of Minnesota.

Jan. 20, 1978.

Warren Spannaus, Atty. Gen., St. Paul, Gary W. Flakne, County Atty., Vernon E. Bergstrom, Chief, App. Division, David W. Larson, Phebe S. Haugen, and Lee W. Barry, Asst. County Attys., Minneapolis, for appellant.

William R. Kennedy, Hennepin County Public Defender, Gerard W. Snell and Ronald E. Budd, Asst. County Public Defenders, Minneapolis, for respondent.

Heard before ROGOSHESKE, TODD, and WAHL, JJ., and considered and decided by the court en banc.

ROGOSHESKE, Justice.

Executing a search warrant, officers searched the apartment of defendant, Robert Michael Mathison, and seized items described in a list attached to the warrant and alleged to be stolen. While the officers

were on defendant's premises, he made statements to them in the nature of a confession. Thereafter defendant pleaded not guilty to the charge of burglary and moved to suppress the physical evidence seized and the oral confession on the ground that the warrant failed to comply with the Fourth Amendment requirement of "particularly describing the place to be searched." The trial court ordered the evidence and confession suppressed, finding that the warrant contained "no description of the place to be searched" and that the description of such place in the affidavit supporting issuance of the warrant did not cure the constitutional deficiency in the warrant. We affirm.

On April 14, 1977, an undercover police officer filed an application and supporting affidavit for a search warrant with the District Court of Hennepin County. In his affidavit, the officer stated that in the course of his duties he had observed in defendant's New Hope apartment a stereo, sound equipment, and various other items allegedly linked to an April 8, 1977, burglary of a house in New Hope. The search warrant application form and the five-page supporting affidavit requested that a search warrant be issued authorizing two named officers to search defendant's apartment, garage stall, and two motor vehicles. The address of defendant's apartment and garage stall and a description of the vehicles were specifically stated in the affidavit and application. The district judge issued a search warrant to the named officers on April 14, 1977. A printed search warrant form was used which contained options for the search of premises, motor vehicle, or person and which provided a space for describing such options. It also contained options for a nighttime search or entry without announcement.[1] All options except the motor vehicle and premises options were stricken from the search warrant issued. However, the warrant contained no specific description of any "premises" to be searched; neither the address of defendant's apartment nor his name appeared on the face of the warrant. The space provided for a description of the premises or motor vehicle to be searched was left blank except for the following words:

"CN1466, 1977 Plymouth Duster, yellow with brown primer DD5713, green Buick"

The items to be seized were specifically described on a writing attached to the warrant.

In executing the warrant on April 14, 1977, the officers served defendant with a copy of the warrant together with the attached list of items to be seized. The application and supporting affidavit apparently were neither attached to the warrant nor incorporated into the warrant by reference. After serving a copy of the warrant, the officers entered defendant's apartment and seized items described in the warrant. In the presence of the officers, defendant allegedly confessed that he and companions had entered and removed the seized items from a house in New Hope. Defendant entered a plea of not guilty to the charge of burglary filed against him and moved at the omnibus hearing to suppress the physical evidence seized and his oral confession, alleging that the search warrant was defective in failing to describe the premises to be searched. The trial judge granted defendant's motion and stated in a supplementary memorandum that the search of defendant's apartment exceeded the scope of the warrant, which authorized only a search of

---

1. The warrant also contained the following printed language covering the probable cause requirement of the Fourth Amendment: "NOW, THEREFORE, the Court finds that probable cause exists for the issuance of a search warrant upon the following grounds: (*Strike inapplicable paragraphs*)

"1. The property above-described was stolen or embezzled.

"2. The property above-described was used as a means of committing a crime.

"3. The possession of the property above-described constitutes a crime.

"4. The property above-described is in the possession of a person with intent to use such property as a means of committing a crime.

"5. The property above-described constitutes evidence which tends to show a crime has been committed, or tends to show that a particular person has committed a crime."

---

two automobiles. He ruled that the officer's search warrant application and supporting affidavit could not be used to supply the description of defendant's residence omitted from the warrant. The state appeals from the order of suppression, arguing that the affidavit was sufficient to supply the required particular description of defendant's apartment and that the omission of defendant's address from the warrant authorizing a "search of premises" should be excused as clerical error.

It is fundamental that "all evidence obtained by searches and seizures in violation of the Constitution is * * * inadmissible in a state court." *Mapp v. Ohio*, 367 U.S. 643, 655, 81 S.Ct. 1684, 1691, 6 L.Ed.2d 1081, 1090 (1961). Also, a confession obtained incident to an illegal search must be suppressed as "fruit" of the illegal actions of the police. *Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). There is no question that the physical evidence seized and the confession obtained from defendant were obtained in the course of the search of his apartment. Therefore, if that search was not legally authorized by a valid search warrant, the trial court correctly suppressed the evidence and confession.

Defendant challenges the legality of the search of his apartment solely on grounds that the search warrant contained no particular description of the place to be searched other than a description of two automobiles and that the search of his apartment therefore exceeded the scope of the warrant.

U.S.Const. Amend. IV, as well as Minn. Const. art. 1, § 10, specifically provides that "no warrant shall issue but upon probable cause * * * and *particularly describing the place to be searched* and the person or things to be seized." (Italics supplied.) Minn.St. 626.08 also provides that "[a] search warrant cannot be issued but upon

probable cause * * * and particularly describing the property or thing to be seized, and *particularly describing the place to be searched.*" (Italics supplied.)

The policy and purpose of the Fourth Amendment requiring such specific description in the warrant is to prevent law enforcement officers, in their sole discretion unlimited by the detached and neutral judgment of a magistrate, from engaging in general or exploratory searches which would violate "[t]he right of the people to be secure in their persons, houses, papers and effects." *Stanford v. Texas*, 379 U.S. 476, 85 S.Ct. 506, 13 L.Ed.2d 431 (1965); *Johnson v. United States*, 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436 (1948); *State v. Fox*, 283 Minn. 176, 168 N.W.2d 260 (1969). In fulfillment of this underlying purpose and policy, Minn.St. 626.16 requires service of the search warrant upon the person in possession of the premises searched, thereby informing him that the search to be made is judicially authorized.

Accordingly, officers executing a search warrant are, and ought to be, strictly limited to searching only the premises particularly described in the warrant. It is constitutionally impermissible to search one place under a warrant describing another place or to seize one item under a warrant naming another item. *Marron v. United States*, 275 U.S. 192, 48 S.Ct. 74, 72 L.Ed. 231 (1927); *State v. Fox, supra; People v. Summers*, 68 Mich.App. 571, 243 N.W.2d 689 (1976).

The warrant issued in this case particularly described only two vehicles to be searched. It contained no particular description of any other place to be searched. Neither defendant's name nor the address of his apartment was stated in the warrant. The search of defendant's apartment was therefore not authorized by the warrant and was clearly unconstitutional.[2] We most

---

2. E. g., see, *Giles v. State*, 10 Md.App. 593, 271 A.2d 766 (1970), where a similar dwelling search under a form warrant containing no particular description of the "premises" to be searched was found "palpably invalid."

The state argues that the address of defendant's apartment given in the search warrant application and supporting affidavit supplies the missing description of "premises" to be searched, curing the defect in the warrant. Be-

emphatically disapprove of the unauthorized search in this case, since it was defendant's constitutionally sensitive privacy interest in his dwelling which was invaded. The physical evidence seized and the confession obtained during the search of defendant's apartment are fruits of an illegal search and must be suppressed.

Affirmed.

cause the warrant contained *no* description of the premises and because the warrant application and supporting affidavit apparently were not attached and were not incorporated into the warrant. Other jurisdictions have permitted use of the supporting affidavit to clarify a defective or ambiguous description found on the face of the warrant only where the supporting affidavit is attached to and incorporated by reference into the warrant. E. g., see, *Moore v. United States*, 149 U.S.App.D.C. 150, 461 F.2d 1236 (1972); *Vinto Products Co. v. Goddard*, 43 F.2d 399 (D.Minn.1930) (discussion limited to attachment); *Hignut v. State*, 17 Md.App. 399, 303 A.2d 173 (1973); *Giles v. State, supra; Frey v. State*, 3 Md.App. 38, 237 A.2d 774 (1968).