WAHL, Justice.
 

 This is a pretrial criminal appeal by the state, pursuant to Minn.R.Crim.P. 29.03, from an order of the district court suppressing evidence in a criminal prosecution. The trial court suppressed the evidence in question on the ground that it was the fruit of a search warrant which inaccurately described the place to be searched. We reverse and remand for trial.
 

 In July 1981 an apartment on Wood Street in St. Paul was burglarized and stereo equipment was taken.
 

 On August 21, Sergeant Richard Ward of the St. Paul Police Department received a call from the victim, who said a friend had told him he had seen the stolen property at the residence of his stepfather, defendant. On August 24, Sergeant Ward met the victim and the informant at the victim’s residence, and the informant repeated what he had said to the victim.
 

 After Sergeant Ward verified the serial number of one of the items of stolen property, which the informant had copied when at defendant’s house, he went to the front.
 
 *823
 
 steps with the informant and the informant pointed out defendant’s residence for him. The residence he pointed to was located on the opposite side of the street on a corner about 200 yards to the south. Sergeant Ward could see the number 41 in open view, and the informant told him that the address was 41 Wood Street. Sergeant Ward concluded that the address of the residence was 41 Wood Street. In fact, the residence was on the corner of Wood and Delos Streets and the correct address was 41 Delos Street, not 41 Wood Street.
 

 Sergeant Ward immediately prepared an application for a search warrant and supporting affidavit which contained information establishing probable cause and which described the premises to be searched as 41 Wood Street.
 

 After obtaining a search warrant authorizing him to search 41 Wood Street, Sergeant Ward went to defendant’s residence, where he learned that the address was 41 Delos, not 41 Wood. There was no other house in the area with a number 41 on it.
 

 Sergeant Ward executed the warrant, found and seized the stolen property, and arrested defendant.
 

 Thereafter, the trial court suppressed the stolen property and the defendant’s statement as the fruit of an unlawful search. The state appealed.
 

 The Fourth Amendment specifically provides that no warrants shall issue except those “particularly describing the place to be searched.” Minn.Const. art. 1, § 10, and Minn.Stat. 626.08 (1980) contain similar provisions.
 

 The main purpose of the requirement is “to minimize the risk that officers executing search warrants will by mistake search a place other than the place intended by the magistrate.” 2 W. La Fave, Search and Seizure § 4.5 (1978). Not all errors in the search warrant’s description of the premises to be searched will invalidate a search pursuant to the warrant. The test for determining the sufficiency of the description of the premises is whether the description is sufficient so that the executing officer can “locate and identify the premises with reasonable effort” with no “reasonable probability that [other premises] might be mistakenly searched.”
 
 United States v. Gitcho,
 
 601 F.2d 369, 371 (8th Cir.1979), ce
 
 rt. denied,
 
 444 U.S. 871, 100 S.Ct. 148, 62 L.Ed.2d 96 (1979).
 

 Bearing in mind the main purpose of the requirement, we are satisfied that the description was adequate so that the executing officer, Sergeant Ward, could locate the residence in question without any serious risk that other premises would be mistakenly searched. Sergeant Ward saw the house to be searched before he applied for the warrant. He also saw the number 41 on the front of it and was told by someone who should have known that the correct address was 41 Wood. He was justified in concluding that this was the correct address because the house was on the other side of what was Wood Street and was just 200 yards to the south. Thus, although it turned out that he learned when he executed the warrant that the address given in the warrant was incorrect, there was no reasonable probability that he was searching the wrong house because (a) he knew from talking to defendant’s stepson which house was defendant’s house, (b) the house did have the number 41 on it, (c) the house was a corner house bounded by Wood Street on one side, and (d) there were no other houses bearing the number 41 in the neighborhood.
 

 Cases which support our conclusion include
 
 United States v. Gitcho,
 
 601 F.2d 369 (8th Cir.1979), ce
 
 rt. denied,
 
 444 U.S. 871, 100 S.Ct. 148, 62 L.Ed.2d 96 (1979) (upholding search of incorrectly described premises because the stated address was reasonable for the location intended and there was no likelihood of a mistaken search of the wrong premises since the agent executing the search personally knew which premises were intended to be searched) and
 
 State v. Doust,
 
 285 Minn. 336, 173 N.W.2d 337 (1969) (upholding search of incorrectly described premises, 518 N.W. Third Street instead of 524 N.W. Third Street, because the mistaken description was a reasonable one which did not increase the likelihood of a search of the wrong premises since there was only
 
 *824
 
 one house on the block in question and the officers executing the search warrant personally knew which house was defendant’s house).
 

 State v. Mathison,
 
 263 N.W.2d 61 (Minn.1978), relied upon by defendant, is distinguishable from this case.
 

 Reversed and remanded for trial.