**STATE of Minnesota, Respondent,**

v.

**Anthony Allan SCHNORR, Appellant.**

**No. C0–83–1843.**

Court of Appeals of Minnesota.

April 4, 1984.

C. Paul Jones, Public Defender, Robert D. Goodell, Asst. Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Alan Mitchell, St. Louis County Atty., Duluth, for respondent.

Considered and decided by FOLEY, P.J., and WOZNIAK, and SEDGWICK, JJ., with oral argument waived.

## OPINION

WOZNIAK, Judge.

This is an appeal from defendant's conviction on stipulated facts of illegal drug possession. Imposition of sentence was stayed pending appeal of whether a search warrant authorizing a search of defendant and premises described as 1218 North First Avenue East provides a sufficiently particular description of the place to be searched when the officer executing the warrant discovers that 1218 North *First* Avenue East does not exist, but ascertains that 1218 North *Second* Avenue East, only ⅕ block away, was the place intended to be searched. We affirm.

## FACTS

A search warrant was issued authorizing the search of defendant Allan Schnorr and the residence at 1218 North *First* Avenue East. This warrant was issued on information from an informant who had seen LSD at defendant's home and knew that defendant was a drug dealer, and that a woman named Theresa lived with defendant. Duluth police confirmed with the telephone company that a woman named Theresa Bolen lived at 1218 North First Avenue East in Duluth.

Officer Miller, seeking to execute the warrant, went to the 1200 block of North First Avenue East, a housing project containing identical four and six plexes. He discovered no residence numbered 1218. He knew the streets were numbered and that there was no North *Third* Avenue East, so he walked about one-fifth of a block to 1218 North *Second* Avenue East.

When he knocked on the door at 1218 North *Second* Avenue East, defendant opened it. Officer Miller recognized defendant, whom he knew by sight, identified himself as a police officer, showed his badge, called the defendant by name, and told him he had a search warrant to search him personally and the premises. Two tablets of LSD and a small amount of marijuana were seized from the premises.

Officer Miller had no independent knowledge of where defendant resided beyond the address listed on the warrant. He testified that if defendant had not come to the door at 1218 North *Second* Avenue East, he would not have executed the search warrant. He also testified that he would not have knocked at the house searched if numbers 1218 were not on the outside of the house.

## ISSUE

Does a search warrant authorizing a search of defendant and premises described as 1218 North *First* Avenue East provide a sufficiently particular description of the place to be searched when the officer executing the warrant discovers there is no 1218 North First Avenue East, and finds defendant at 1218 North *Second* Avenue East, ⅕ block away?

## ANALYSIS

The Fourth Amendment specifically provides that no warrants shall issue except those "particularly describing the place to be searched." Minn. Const. art. 1, § 10, and Minn.Stat. § 626.08 (1982) contain similar provisions.

■■■ The main purpose of the requirement is "to minimize the risk that officers executing search warrants will by mistake search a place other than the place intended by the magistrate." 2 W. LaFave, Search and Seizure § 4.5 (1978). Not all errors in the search warrant's description of the premises to be searched will invalidate a search pursuant to the warrant. The test for determining the sufficiency of the description of the premises is whether the description is sufficient so that the executing officer can " 'locate and identify the premises with reasonable effort' with no 'reasonable probability that [other premises] might be mistakenly searched.' " *State v. Gonzales,* 314 N.W.2d 825, 827 (Minn.1982) (quoting *United States v. Gitcho,* 601 F.2d 369, 371 (8th Cir.), *cert. denied,* 444 U.S. 871, 100 S.Ct. 148, 62 L.Ed.2d 96 (1979)).

Search warrants with errors in a portion of the description of the premises to be searched have been upheld in a number of cases. *United States v. Goodman,* 312 F.Supp. 556 (N.D.Ind.1970) (description in the search warrant was "the room on the first floor level at the front of a two-story building located at 517 Conkey Street, Hammond, Indiana," and the place searched was actually 579 Conkey Street); *United States v. Pisano,* 191 F.Supp. 861 (S.D.N.Y.1961) (description in the search warrant was "a grocery store known as Esta's located on the ground floor of a building at 129 West Third Street, Mount Vernon, New York," but the correct address was actually 109 West Third Street); *United States v. Joseph,* 174 F.Supp. 539 (E.D.Pa.1959), *aff'd,* 278 F.2d 504 (3rd Cir.),

cert. denied, 364 U.S. 823, 81 S.Ct. 59, 5 L.Ed.2d 52 (1960) (description in the search warrant was "209 Court Terrace," the address searched was "209 Minersville Street," but the evidence showed that Court Terrace was in fact a continuation of Minersville Street); *United States v. Contee,* 170 F.Supp. 26 (D.D.C.1959) (warrant described the premises as "entire Apt. A"; apartment searched was a basement apartment not designated "Apt. A"); *State v. Gonzales,* 314 N.W.2d 825 (Minn.1982) (search warrant described "41 Wood Street," actual address was 41 Delos Street); *State v. Doust,* 285 Minn. 336, 173 N.W.2d 337 (1969) (warrant described the premises as "518 N.W. Third Street" instead of 524 N.W. Third Street).

Mindful of the applicable case law and the main purpose of the statutory requirement of specificity, the search warrant adequately described the premises so that Officer Miller could locate the residence in question without any serious risk that other premises would be mistakenly searched. He was justified in concluding that 1218 North *Second* Avenue East was the correct address because he discovered there was no *First* Avenue, he knew there was no Third Avenue, and 1218 on Second Avenue was only ⅕ block away, and was the only house on that block bearing that number.

## DECISION

We affirm the trial court's finding that the search warrant provided a sufficiently particular description of the place to be searched and remand for imposition of sentence.